■ In the Matter of David R. Townsend, Jr., Appellant, et al., Petitioner, v Eliot L. Spitzer, as Governor of the State of New York, et al., Respondents. [891 NYS2d 740]—

Malone Jr., J.

Petitioners David R. Townsend, Jr. (hereinafter petitioner) and Dabiew's Market commenced this CPLR article 78 proceeding seeking to compel respondents to enforce the Tax Law by collecting sales and other taxes on cigarettes and motor fuel sold to non-Indians at businesses owned or operated by Indian tribes (*see* Tax Law §§ 284-e, 471-e). Respondents moved to dismiss the petition and Supreme Court granted the motion on

the basis that neither petitioner had standing to maintain the proceeding. Townsend now appeals.[1]

As a Member of the Assembly, Townsend has "standing to sue when conduct unlawfully interferes with or usurps [his] duties as [a] legislator[ ]" (*Silver v Pataki*, 96 NY2d 532, 542 [2001]). The alleged conduct must have caused a "direct and personal injury [that] is clearly within a legislator's zone of interest and unquestionably represents a concrete and particularized harm" that is distinct from that suffered by the general public (*id.* at 540 [internal quotation marks and citations omitted]; *see Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 772-774 [1991]).

Here, contrary to Townsend's contention, respondents' long-standing refusal to enforce the Tax Law provisions at issue, which Townsend voted to enact, does not constitute an unlawful nullification of his vote. The legislation that Townsend voted for was enacted without any interference by respondent Governor (*compare Silver v Pataki*, 96 NY2d at 535 [Governor acted unconstitutionally by vetoing line items in non-appropriation bills]) and respondents' post-enactment inaction does not affect Townsend's "statutory rights or duties" as a legislator (*Saratoga County Chamber of Commerce v Pataki*, 275 AD2d 145, 157 [2000]; *see e.g. Urban Justice Ctr. v Pataki*, 38 AD3d 20, 25 [2006], *appeal dismissed and lv denied* 8 NY3d 958 [2007]; *Winner v Cuomo*, 176 AD2d 60, 63-64 [1992]; *Matter of Sullivan v Siebert*, 70 AD2d 975, 975 [1979]). Rather, Townsend's interest in seeing the Tax Law enforced by respondents is the same generalized interest that is shared by all members of the public.[2] As Supreme Court determined, such generalized interest is insufficient to constitute an injury in fact for standing purposes.

Cardona, P.J., Mercure, Spain and Kavanagh, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

1. Although Dabiew's Market also perfected an appeal from the judgment, it subsequently ceased to exist as a business entity and, consequently, informed this Court that it was discontinuing its appeal.

2. Contrary to Townsend's contention, we do not find that the Fourth Department's decision in *Day Wholesale, Inc. v State of New York* (51 AD3d 383 [2008] [finding that, due to the Department of Taxation and Finance's inaction, Tax Law § 471-e is not currently in effect]) compels a different result.