10-3943-cv
Joseph, et. al v. Hyman, et. al

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2011

(Argued: September 12, 2011      Decided: October 12, 2011)

Docket No. 10-3943-cv

_____

CHARLES JOSEPH, individually and on behalf of all others
similarly situated, JEFFREY UNGER, individually and on behalf
of all others similarly situated, STEFAN WOLKENFELD,
individually and on behalf of all others similarly situated,
ROCK STORE LLC, BRUCE GLICKMAN, individually and on behalf of
all others similarly situated, BRUCE SCHWARTZ, individually
and on behalf of all others similarly situated,

*Plaintiffs - Appellants,*
-v.-

MICHAEL HYMAN, individually and in his official capacity as
Commissioner of the Department of Finance of the City of New
York, MARTHA E. STARK, JAIME WOODWARD, individually and in her
official capacity as Commissioner of the Department of
Taxation and Finance of the State of New York, ROBERT L.
MEGNA, BARBARA G. BILLET, CITY OF NEW YORK, STATE OF NEW YORK, MICHAEL
BLOOMBERG, individually and in his official capacity as Mayor
of the City of New York, ELIOT L. SPITZER, GEORGE PATAKI, DAVID
PATERSON, DAVID M. FRANKEL, individually and in his official
capacity as Commissioner of the Department of Finance of the
City of New York,

*Defendants - Appellees.*

_____

Before:
        Calabresi, Wesley, and Lohier, *Circuit Judges.*

Appeal from an order and judgment of the United States District Court for the Southern District of New York (Sullivan, *J.*), which granted Defendants' motion to dismiss Plaintiffs' complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The district court found that comity precluded federal court adjudication of Plaintiff's claims. We conclude that the district court properly dismissed the complaint.

AFFIRMED.

—————————————

HARLEY J. SCHNALL, Law Office of Harley J. Schnall, New York, NY (Brian Lewis Bromberg, Bromberg Law Office P.C., New York, NY, *on the brief*), *for Plaintiffs-Appellants*.

STEVEN C. WU, Assistant Solicitor General, (Barbara D. Underwood, Solicitor General, Benjamin N. Gutman, Deputy Solicitor General, Cecilia C. Chang, Assistant Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY, *for State Defendants-Appellees*.

JOSHUA M. WOLF, Assistant Corporation Counsel, (Andrew G. Lipkin, Assistant Corporation Counsel, *on the brief*), *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY, *for City Defendants-Appellees*.

—————————————

WESLEY, *Circuit Judge*:

This case requires us to examine the role federal courts should play in settling challenges to state tax schemes. For the reasons that follow, we affirm the district court's well-written opinion declining to exercise

2

jurisdiction over plaintiffs' challenge to a New York state tax scheme that exempted New York City residents from a tax levied on parking services rendered in Manhattan. Pursuant to *Levin v. Commerce Energy, Inc.*, 130 S. Ct. 2323 (2010), comity concerns counsel against federal court adjudication of plaintiffs' claims.

## Background

New York State imposes, or authorizes New York City to impose, taxes of 18.375% on parking lots and garages in Manhattan. These taxes include various statewide, citywide, and mass-transit-funding taxes. Also included in that rate is a city-implemented 8% surtax on parking services rendered in Manhattan. N.Y. Tax Law § 1212-A. In 1985, the state legislature amended the tax law to provide an exemption from the 8% surtax for Manhattan residents for one parking space leased for one month or longer. N.Y. Tax Law § 1212-A(a)(1). Appellants include a group of commuters from New Jersey and New York outside of Manhattan, and a Queens resident who does not commute to Manhattan. Appellants sued New York City and the State, along with a number of city and state officials, challenging the tax exemption granted to Manhattan residents but not the 8% surtax.

The exemption is narrow. It exempts Manhattan

3

residents from the 8% surtax only at their primary parking location and only where the resident can demonstrate: (1) that Manhattan is their primary residence; (2) that they pay for parking services rendered on a monthly or longer-term basis; (3) that the vehicle is not used to carry on any trade, business, or commercial activity; and (4) that the vehicle is registered to the individual's primary residence in Manhattan. N.Y. Tax Law § 1212-A(a)(1)(i)(B); N.Y.C. Admin. Code § 11-2051(d). Appellees filed a motion to dismiss, arguing, among other things, that comity barred the federal courts from hearing plaintiffs' challenge to the state law; the district court granted the motion. The district court held that comity concerns, explained by the Supreme Court in *Levin v. Commerce Energy, Inc.*, 130 S. Ct. 2323 (2010), counseled against hearing Appellants' claims in federal court.

**Discussion**[1]

*I. The Comity Doctrine*

Federal courts generally abstain from cases that challenge state taxation schemes on the basis that those

---

[1]We typically review a district court's decision to dismiss a complaint on jurisdictional grounds *de novo*. *See Rivers v. McLeod*, 252 F.3d 99, 101 (2d Cir. 2001). But, where, as here, a district court dismisses the action based on comity, we review the decision for abuse of discretion. *AEP Energy Servs. Gas Holding Co. v. Bank of America, N.A.*, 626 F.3d 699, 719 (2d Cir. 2010).

4

claims are more appropriately resolved in state court.  *See Nat'l Private Truck Council, Inc. v. Oklahoma Tax Comm'n*, 515 U.S. 582, 590 (1995); *Boise Artesian Hot & Cold Water Co. v. Boise City*, 213 U.S. 276, 281-82 (1909).  In 1937, Congress partially codified the "federal reluctance to interfere with state taxation" with the Tax Injunction Act ("TIA").  *Nat'l Private Truck Council, Inc.*, 515 U.S. at 590; *see also* 28 U.S.C. § 1341.  The TIA provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."  28 U.S.C. § 1341.

The Supreme Court has interpreted the TIA as prohibiting only those challenges to state tax schemes that would inhibit state collection of taxes, as opposed to those that would increase taxes a state could collect.  *Hibbs v. Winn*, 542 U.S. 88, 101-10 (2004).  After *Hibbs*, a number of circuit courts, relying on a footnote in *Hibbs*, held that *Hibbs* cabined the comity doctrine, holding that it, like the TIA, did not bar federal courts from adjudicating challenges to state tax schemes that would result in an increase in the state's tax revenue.  *See, e.g., Commerce Energy, Inc. v. Levin*, 554 F.3d 1094 (6th Cir. 2009); *Levy v. Pappas*, 510

5

F.3d 755 (7th Cir. 2007); *Wilbur v. Locke*, 423 F.3d 1101 (9th Cir. 2005). Other circuits disagreed, and the Supreme Court resolved the issue in *Levin*. *See Levin*, 130 S. Ct. at 2329-30; *DIRECTV, Inc. v. Tolson*, 513 F.3d 119 (4th Cir. 2008). In *Levin*, the Court abrogated the post-*Hibbs* cases that had crimped the comity doctrine and held that comity is "[m]ore embracive" than the TIA because it restrains federal courts from hearing not only cases that decrease a state's revenue, but also those that "risk disrupting state tax administration." *Levin*, 130 S. Ct. at 2328.

In *Levin*, the plaintiffs (natural gas companies) challenged tax exemptions granted to some of their competitors. Like Appellants here, the *Levin* plaintiffs challenged a state tax scheme; their challenge, if successful, would have increased the flow of taxes to the state. The Court rejected their claim, holding that even if the TIA did not bar the suit (because striking the exemption would not decrease the state's tax revenues), comity counseled against "the exercise of original federal-court jurisdiction." *Id.* at 2332-33. In rejecting the propriety of federal adjudication of plaintiffs' claims, *Levin* explained that "[c]omity's constraint has particular force when lower federal courts are asked to pass on the

6

constitutionality of state taxation of commercial activity." *Id.* at 2330.

The Court differentiated *Hibbs* on its facts. It held that *Hibbs* was appropriately heard in federal court because it was not a "run-of-the-mine tax case" and was "not rationally distinguishable from a procession of pathmarking civil-rights controversies in which federal courts had entertained challenges to state tax credits without conceiving of the TIA as a jurisdictional barrier." *Id.* at 2335, 2332 (internal quotation marks omitted). *Levin*, on the other hand, was distinguishable from *Hibbs* based on three factors present in *Hibbs*, but absent in *Levin*, that counseled in favor of federal court adjudication despite the general rule of comity: (1) the legislation at issue "employ[ed] classifications subject to heightened scrutiny or impinge[d] on fundamental rights"; (2) the plaintiffs were true "'third parties' whose own tax liability was not a relevant factor"; and (3) both federal and state courts had access to identical remedies because the claim concerned tax credits and thus was not subject to the constraints of the TIA. *Id.* at 2333-35.

*II. Applying Levin v. Commerce Energy, Inc.*

Here, dismissal of Appellants' complaint was proper. *Hibbs*, unlike *Levin*, involved a right that was unquestionably fundamental, concerning the establishment of religion. At the time *Hibbs* was decided, moreover, the Supreme Court had accorded special deference to that right. *See Flast v. Cohen*, 392 U.S. 83 (1968) (relaxing taxpayer standing requirements for plaintiffs asserting Establishment Clause violations). In this case, the rights asserted can hardly be seen as fundamental in the relevant sense. The exemption burdens but one mode of travel, and not that drastically. "[M]inor restrictions on travel simply do not amount to the denial of a fundamental right." *Town of Southold v. Town of E. Hampton*, 477 F.3d 38, 54 (2d Cir. 2007) (quoting *Cramer v. Skinner*, 931 F.2d 1020, 1031 (5th Cir. 1991)(internal quotation marks omitted).

There is, moreover, no authority that the right to park one's vehicle at a particular rate relative to others is sufficiently fundamental to trigger protection under the Privileges and Immunities Clause. *See United Bldg. & Constr. Trades Council of Camden Cnty. v. City of Camden*, 465 U.S. 208, 221 (1984); *Lai v. New York City Gov't*, 991 F. Supp. 362, 365 (S.D.N.Y. 1998), *aff'd* 163 F.3d 729 (2d Cir. 1998).

8

Appellants are not true third parties to the tax measure in question.  They argue that their challenge is restricted to the exemption and the exemption impacts Manhattan residents' tax liability, rather than their own. *Levin* foreclosed that argument.  The *Levin* plaintiffs also objected to an exemption awarded to another taxpayer, but the Court noted that they were not true third parties because they were "object[ing] to their own tax situation, measured by the allegedly more favorable treatment accorded" to the other taxpayers.  *Levin*, 130 S. Ct. at 2335. Appellants here do the same; although they claim to be third parties challenging tax exemptions, they are really challenging their own relative tax liability by asserting that an exemption granted to a competitor was unconstitutional.[2]

Lastly, because the TIA prevents federal courts from eliminating a source of tax revenue, federal courts are limited in the remedies they may grant when deciding a challenge to a state taxation scheme.  For this reason,

---

[2]One of the plaintiffs, Bruce Schwartz, is not in *Levin*'s terms a competitor and therefore this aspect of the *Levin* decision does not apply to him.  There are serious questions as to whether Schwartz would have standing. *See Arizona Christian Sch. Tuition Org. v. Winn*, 131 S. Ct. 1436 (2011).  But, in any event, since the other two *Levin* factors apply as much to Schwartz as they do to the other plaintiffs, we do not believe the district court committed reversible error in applying the comity doctrine to Schwartz, as well as to the other plaintiffs.

*Levin* held that where the state court has more flexibility to determine and choose a remedy, and where an adequate, speedy, and efficient remedy exists in state court, the federal courts should abstain from hearing the case. *Id.* at 2328, 2339.[3]

Appellants assert that the New York courts are unable to grant any remedy that differs from that available in federal court. But Appellants misinterpret New York law. Appellants rely on *Tennessee Gas Pipeline v. Urbach*, 96 N.Y.2d 124, 134 (2001), for the proposition that a New York court is also limited in its ability to deal with an unconstitutional taxing scheme. Appellants read too much into that case and improperly separate the court's ruling

_____

[3]The *Levin* court noted that, in state tax cases on review from state high courts, the Supreme Court, for reasons of "federal-state comity," will remand the case to the state court to formulate an interim solution if the tax scheme suffers from a constitutional defect. 130 S. Ct. at 2334. The Court noted the same is not true for matters begun in district court:

> If lower federal courts were to give audience to the merits of suits alleging uneven state tax burdens, however, recourse to state court for the interim remedial determination would be unavailable. That is so because federal tribunals lack authority to remand to the state court system an action initiated in federal court. Federal judges, moreover, are bound by the TIA; absent certain exceptions the Act precludes relief that would diminish state revenues, even if such relief is the remedy least disruptive of the state legislature's design.

*Levin*, 130 S. Ct. at 2334 (citations and footnotes omitted).

from its context. *Tennessee Gas* merely stands for the proposition that the state legislature cannot delegate its law-making responsibilities to New York courts. *Id.* at 134. In *Tennessee Gas*, the court held that a savings provision in the statute was invalid

> because it requires the Court to define the parameters of the credit and the manner in which it will be implemented. This violates fundamental separation of powers principles. The savings provision would require us to rewrite the statute and create quasi-judicial tax regulations. We are not well suited as an institution for such a task.

*Id.* That the court did not feel it should (or could) rewrite a statute does not mean that New York courts cannot prevent enforcement of tax provisions if the result would decrease a state's revenue.

New York courts can, and do, enjoin the enforcement of tax provisions*. See Day Wholesale, Inc. v. New York*, 51 A.D.3d 383, 384 (N.Y. App. Div. 4th Dep't 2008). New York courts are not powerless to strike down unconstitutional laws or otherwise prevent enforcement of unconstitutional taxes. *See, e.g., Urbach*, 96 N.Y.2d at 124 (striking a natural gas tax as unconstitutional).

Because New York state courts have the ability to implement a remedy that the federal court cannot, *Levin* counsels in favor of dismissing the complaint pursuant to

11

comity because "limitations on the remedial competence of lower federal courts counsel that they refrain from taking up cases of this genre, so long as state courts are equipped fairly to adjudicate them." *Levin*, 130 S. Ct. at 2334.  The New York state courts are able to efficiently remedy an unconstitutional tax statute, and the Supreme Court has long held that New York law affords a "plain, speedy and efficient" means to address constitutional challenges to state tax actions.  *Tully v. Griffin, Inc.*, 429 U.S. 68, 76–77 (1976).

We have considered the plaintiffs' remaining arguments, including their argument under the Dormant Commerce Clause, and find them unavailing.  Because none of the *Hibbs* factors are present here, the district court wisely recognized that *Levin* counseled it to dismiss Appellants' complaint on comity grounds.  The district court's decision to do so is affirmed.

**Conclusion**

The district court's order that dismissed Appellants' Complaint without prejudice is **AFFIRMED.**

12