*DeMartino v. N.Y. State Dep't of Taxation & Fin.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of March, two thousand twenty-three.

PRESENT:    Rosemary S. Pooler,
            Richard C. Wesley,
            Steven J. Menashi,
                    *Circuit Judges.*

_____

FRANK DEMARTINO, TADCO CONSTRUCTION CORP.,

      *Plaintiffs-Appellants*,

    v.                                                No. 22-720

NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, AMANDA HILLER, Acting Commissioner of the New York State Department of Taxation and Finance,

      *Defendants-Appellees.*

_____

*For Plaintiffs-Appellants*:          BRYAN HA, White Plains, NY.

*For Defendants-Appellees*:          ANDREA W. TRENTO, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, and Matthew W. Grieco, Senior Assistant Solicitor General, *on the brief*), *for* Letitia James, Attorney General of the State of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Block, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

In 2005, Plaintiff-Appellant Frank DeMartino's company, TADCO Construction Corp., failed to remit approximately $20,000 in withholding taxes to Defendant-Appellee the New York State Department of Taxation and Finance ("DTF"). TADCO made two payments against this deficiency in 2006 totaling approximately $4,000, but it then stopped making payments. Sometime later and by operation of state law, the remaining balance on the TADCO account was assessed against DeMartino as a "responsible person" for TADCO's liability. Interest and penalties accrued on both accounts. About ten years later, DeMartino made payments against this personal assessment, each of which was credited

2

dollar-for-dollar against TADCO's own deficiency. In December 2019, DeMartino made a final payment, bringing his personal balance to zero.

After DeMartino later discovered that a balance remained on the TADCO account, he commenced this action. DeMartino alleges that, by virtue of paying off his own "responsible person" account he has likewise paid off the TADCO account. Thus, DeMartino alleges, the remaining balance on the TADCO account was "manufactured … out of thin air" in violation of the Eighth Amendment. App'x 17 (¶ 37). The district court dismissed his complaint on the ground that the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341—as well as the related doctrine of comity—barred jurisdiction over DeMartino's claim. This appeal ensued. We presume the parties' familiarity with the facts and procedural history.

**I**

"It is well settled that where a district court grants a defendant's Rule 12(b)(1) motion to dismiss," as the district court did here, "an appellate court will review the district court's factual findings for clear error and its legal conclusions *de novo*." *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) (internal quotation marks and alteration omitted). Whether the district court was correct to dismiss for lack of jurisdiction depends on whether the remaining charges on the

TADCO account are taxes within the meaning of the TIA and whether the doctrine of comity precludes our exercise of jurisdiction. DeMartino alleges that the entire value of the TADCO account, including interest and penalties, was assessed against him personally when the "responsible person" assessment was made. Consequently, DeMartino says, the TADCO account should have reached a zero balance when DeMartino's "responsible person" account was paid off in full. DeMartino infers from this line of reasoning that the remaining balance on the TADCO account must have been contrived by DTF.

DTF disputes this version of events, noting that "it is the policy of DTF to assess a responsible person only the *principal balance* owed to the corporation." Appellees' Br. 7 n.1 (emphasis added). DTF explains that the responsible person assessment against DeMartino did not include—at the time of the assessment— the interest that had accrued on the TADCO account. Accordingly, DTF says, the balance on the TADCO account was always greater than the balance on DeMartino's "responsible person" account. And the difference between the two accounts grew over time because of compounding interest.

When "jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings."

4

*Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014). The party "asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Fountain v. Karim*, 838 F.3d 129, 134 (2d Cir. 2016). Here, the district court could have been clearer in explaining the basis for its conclusion that the remaining charges are taxes. The district court said only that DeMartino's argument that the remaining TADCO balance is a penalty was "misguided." App'x 63. But for two reasons, we are persuaded that the district court was correct.

First, the tax warrants issued against TADCO and DeMartino make DeMartino's argument implausible. The principal balance on the TADCO account, prior to the accrual of any interest, was $16,094.90. App'x 17 (¶ 39). In October 2006, a tax warrant issued against TADCO for $19,403.55, which reflected the interest that had, by then, accrued on TADCO's principal balance.[1] But more than nine months later—on July 31, 2007—a tax warrant issued against DeMartino for

[1] *See* DTF, *New York State Tax Warrants: Warrant Search*, https://www8.tax.ny.gov/WARR/warrGateway (Warrant ID: E019005361W010). DTF's tax warrant database is a "public record susceptible to judicial notice." *Global Network Comms., Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006).

only $16,728.72. App'x 17 (¶ 40).[2] Had the "responsible person" assessment against DeMartino included both the TADCO principal and the interest that had accrued thereon, his "responsible person" tax warrant would have been at least as high as the warrant issued to TADCO. But that is not what the warrants reflect.

Second, New York's tax law during the relevant tax year did not permit DTF to include accrued interest in a "responsible person" assessment. At the time, a "responsible person" assessment included only "the total amount of the tax evaded, or not collected, or not accounted for and paid over." N.Y. State Tax Law § 685(g) (effective Apr. 12, 2005). In 2009, New York amended the statute, allowing the assessment to include "the interest that has accrued on the total amount of tax evaded on the date this [assessment] is first imposed." *Id.* (Apr. 7, 2009). A

---

[2] The difference between the principal amount of the TADCO liability ($16,094.90) and the DeMartino warrant ($16,728.72) can be explained by the fact that DeMartino was assessed the tax prior in time to the issuance of the warrant against him, and interest began accruing at the time of the assessment. The responsible person statutory provision refers to the assessment as a "penalty." N.Y. Tax Law § 685(g). The tax law states that "[i]nterest shall be imposed … in respect of any assessable penalty … only if such assessable penalty … is not paid within twenty-one calendar days from the date of the notice and demand." *Id.* § 684(g). The commissioner may issue a tax warrant against a party owing tax, penalty, or interest as early as "twenty-one calendar days after notice and demand is given" but is not required to do so at that time. *Id.* § 692(c). The only restriction is that the commissioner may issue the warrant "within six years after the date of such assessment." *Id.* The record does not reflect the date of the "responsible person" assessment against DeMartino.

6

"presumption of regularity attaches to the actions of Government agencies," *U.S. Postal Serv. v. Gregory*, 534 U.S. 1, 10 (2001), and DeMartino offers no evidence to overcome the presumption that DTF acted in compliance with the statute in effect at the time. We conclude that the "responsible person" assessment levied against DeMartino included only the TADCO principal.

It follows from that conclusion that the TADCO account's current balance, which DeMartino challenges in this action, is attributable to interest on the TADCO account. DeMartino has not shown by a preponderance of the evidence that the remaining balance was "manufactured … out of thin air." App'x 17 (¶ 37).

## II

The TIA states that a district court "shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The TIA applies to DeMartino's claims for injunctive and declaratory relief but not to his claim for damages. *See Long Island Lighting Co. v. Town of Brookhaven*, 889 F.2d 428, 431 (2d Cir. 1989). DeMartino does not argue that New York does not provide a "plain, speedy and efficient remedy" in its courts. Thus, all that remains to

7

determine is whether interest charged by New York State for unpaid taxes constitutes a tax for purposes of the TIA. We conclude that it does.

In determining whether an assessment is a tax within the meaning of the TIA, we consult three factors: "(1) the nature of the entity imposing the assessment, (2) the population subject to the assessment, (3) the ultimate allocation or use of the revenues generated by the assessment." *Assoc. for Accessible Meds. v. James*, 974 F.3d 216, 222 (2d Cir. 2020). All three factors indicate that interest on a tax is also a tax. First, the interest rules are found in N.Y. Tax Law § 684, which is administered by the DTF Commissioner, who in turn is empowered by law to "perform the duties … [of] assessment, determination, review, readjustment and collection of taxes upon and with respect to personal income." N.Y. Tax Law § 171. DTF is not a regulatory body; it is the general taxing authority of New York State. Second, the relevant provisions here, §§ 684 and 685(g), apply generally to all persons owing taxes to New York State, not to specific regulated parties. Third, when interest is paid to DTF, it is paid into the New York State general fund. *See id.* § 171-a(1) ("All … interest … collected or received by the commissioner … under article[] … twenty-two … of this chapter shall be deposited daily in one account" and every month the comptroller "shall … pay into the state treasury to

8

the credit of the general fund all revenues deposited under this section"). The third factor predominates, such that when "the proceeds are deposited into the state's general fund (rather than directly allocated to the agency that administers the collection[)] … the imposition will generally be seen as serving the general benefit of the state, and thus as a tax." *Entergy Nuclear Vt. Yankee, LLC v. Shumlin*, 737 F.3d 228, 231 (2d Cir. 2013).

Additionally, we have said in a slightly different context that an assessment "is not a penalty to the extent, if any, that it compensates the [state] for the loss of use of money caused by non-payment." *Nat. Loan Investors L.P. v. Town of Orange*, 204 F.3d 407, 412 (2d Cir. 2000). We are persuaded that the statute providing for interest on unpaid taxes compensates New York for the taxpayer's nonpayment. *See RTC Commercial Assets Trust 1995-NP3-1 v. Phoenix Bond & Indem. Co.*, 169 F.3d 448, 457 (7th Cir. 1999) ("To the extent that the interest is nothing more than an adjustment for the delay in payment, it logically should be considered as part of the tax itself. If payment had been made in time, this amount would have been zero."); *S/N1 Reo Ltd. Liability Co. v. City of New London ex rel. Ballestrini*, 127 F. Supp. 2d 287, 293 (D. Conn. 2000) (extending *National Loan* to the TIA context and finding that an 18 percent interest charge on taxes is a tax for purposes of the

TIA). Accordingly, interest charges on state taxes are taxes for purposes of the TIA, so the TIA bars DeMartino's claims for declaratory and injunctive relief.

**III**

"More embracive than the TIA, the comity doctrine applicable in state taxation cases restrains federal courts from entertaining claims for relief that risk disrupting state tax administration." *Levin v. Commerce Ener., Inc.*, 560 U.S. 413, 417 (2010). While the TIA bars injunctive and declaratory relief, "it is the principle of comity that prevents a taxpayer from seeking damages." *Dorce v. City of New York,* 2 F.4th 82, 97 (2d Cir. 2021) (quoting *Long Island Lighting*, 889 F.2d at 431). The doctrine of comity applies whenever the state provides "plain, adequate, and complete" remedies to tax disputes. *Abuzaid v. Mattox*, 726 F.3d 311, 315 (2d Cir. 2013).

"Where a district court dismisses the action based on comity, we review the decision for abuse of discretion." *Dorce*, 2 F.4th at 94 (quoting *Joseph v. Hyman*, 659 F.3d 215, 218 n.1 (2d Cir. 2011)). However, because abstaining from a case on comity grounds is "closely linked to jurisdictional concerns," *id.* at 94 n.15, when we review a "decision[] to abstain, there is little practical distinction between

10

review for abuse of discretion and review *de novo*," *In re Picard*, 917 F.3d 85, 102 (2d Cir. 2019) (quoting *Hachamovitch v. DeBuono*, 159 F.3d 687, 693 (2d Cir. 1998)).

DeMartino does not dispute that New York's procedures are plain, adequate, and complete. Our determination that interest qualifies as a tax for TIA purposes compels the conclusion that DeMartino's suit, were it allowed to proceed, would "risk disrupting state tax administration." *Levin*, 560 U.S. at 417. For that reason, the comity doctrine bars DeMartino's damages claim.

\*        \*        \*

We have considered DeMartino's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

11