*Global Leadership Found. v. City of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of April, two thousand twenty-three.

PRESENT:

> BARRINGTON D. PARKER,
> DENNY CHIN,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

GLOBAL LEADERSHIP FOUNDATION,

> *Plaintiff-Appellant*,

v.                                                                          No. 22-2095

CITY OF NEW YORK, MAYOR ERIC L. ADAMS,
NEW YORK CITY DEPARTMENT OF FINANCE,
SHERIF SOLIMAN, MICHAEL HYMAN,
TIMOTHY SHEARES, PIERRE DEJEAN,
TAX COMMISSION OF CITY OF NEW YORK,
FRANCES HENN, DOES 1–10, CARMELA QUINTOS,

> *Defendants-Appellees.*\*

_____

\* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

For Plaintiff-Appellant: VIOLET ELIZABETH GRAYSON, New York, NY.

For Defendants-Appellees: EDAN BURKETT, Assistant Corporation Counsel, *for* Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Denise Cote, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Global Leadership Foundation ("GLF") – a "secular charity" established by Hee Nam Bae and his family to promote educational and cultural enrichment opportunities for students and interns in New York City, J. App'x at 44 45, 71 – appeals from the district court's order dismissing GLF's first-amended complaint against the City of New York and other associated entities and individuals (collectively, "Defendants"). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

GLF's operative complaint was filed in May 2022 and alleged that Defendants violated GLF's First Amendment rights by denying it property-tax

exemptions and significantly increasing the assessed value of its property in Queens in retaliation for the Bae family's public opposition to an East Harlem development plan; GLF also alleged that Defendants discriminated against GLF by favoring religious organizations over secular charities. In July 2022, the district court dismissed GLF's complaint, concluding that it lacked subject-matter jurisdiction to entertain GLF's claims seeking declaratory relief under the Tax Injunction Act ("TIA"), which prohibits district courts from "enjoin[ing], suspend[ing,] or restrain[ing] the assessment, levy[,] or collection of any tax under State law where a plain, speedy[,] and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The district court further declined to exercise jurisdiction over GLF's claims for damages under the related doctrine of comity, which "restrains federal courts from entertaining claims for relief that risk disrupting state tax administration," including claims for damages, *Levin v. Com. Energy, Inc.*, 560 U.S. 413, 417 (2010), where plaintiffs can access "state remedies that are plain, adequate, and complete," *Abuzaid v. Mattox*, 726 F.3d 311, 315 (2d Cir. 2013) (internal quotation marks omitted).

We review a district court's decision to dismiss claims for lack of subject-matter jurisdiction based on the TIA de novo and a decision to abstain from

3

exercising jurisdiction over claims based on the comity doctrine for abuse of discretion. *See Dorce v. City of New York*, 2 F.4th 82, 93–94 (2d Cir. 2021). That said, "when we review a court's decision to abstain from exercising jurisdiction, the abuse[-]of[-]discretion standard is more rigorous than that which is generally employed such that there is little practical distinction from de[-]novo review." *Id.* at 94 (internal quotation marks omitted). Applying these standards, we reject GLF's two challenges to the district court's orders.

*First*, GLF contends that neither the TIA nor the comity doctrine bars its claims because New York's state courts do not provide a sufficiently "speedy" remedy. 28 U.S.C. § 1341; *see also Fair Assessment in Real Estate Ass'n v. McNary*, 454 U.S. 100, 116 n.8 (1981) (equating the TIA and comity-doctrine standards regarding the adequacy of state-court remedies). As proof of this deficiency in the state's procedures, GLF points to its own ongoing Article 78 proceeding, *see* N.Y. C.P.L.R. 7801 *et seq.*, in which it seeks to reverse Defendants' tax-exemption determination. This argument is easily dispatched. As a general matter, we have repeatedly held that "New York does provide 'plain, *speedy*[,] and efficient' forums for individuals to bring constitutional challenges to its tax laws." *Abuzaid*, 726 F.3d at 316 (emphasis added); *see also Long Island Lighting Co. v. Town of*

4

*Brookhaven*, 889 F.2d 428, 431–33 (2d Cir. 1989). And to the extent that a further individualized inquiry into the speediness of GLF's pending state-court litigation is required, the fact that the proceeding took four years – and that any appeal will take additional time – does not establish procedural inadequacy, *see Long Island Lighting Co.*, 889 F.2d at 433 (holding that a New York state-court action that "lingered [for] over ten years in pretrial proceedings" was nevertheless sufficiently speedy).[1] As a result, we decline to disturb the district court's application of the TIA and the comity doctrine to GLF's claims on the basis of the alleged slowness of the New York court system. *Cf. Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 518–21 (1981) ("Nowhere in the [TIA] did Congress suggest that the remedy [m]ust be the speediest.").

*Second*, GLF contends that even if the New York state courts do provide an adequately speedy remedy, the comity doctrine should not bar its claims for damages because they involve core First Amendment rights. Again, we are unconvinced.

---

[1] We take judicial notice of the publicly available docket for GLF's Article 78 petition filed in September 2018, which shows that GLF amended its petition in late 2020, that the Supreme Court of the State of New York denied the petition in September 2022, and that GLF filed a notice of appeal that same month. *See Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995); *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006).

In general, the comity doctrine bars damages claims like GLF's that "risk disrupting state tax administration" if "plain, adequate, and complete" remedies exist in state court. *Abuzaid*, 726 F.3d at 315–16 (quoting *Fair Assessment*, 454 U.S. at 116) (also noting that New York courts so provide); *see also Joseph v. Hyman*, 659 F.3d 215, 219–21 (2d Cir. 2011). To be sure, the Supreme Court has identified three factors that "counsel[] in favor of federal court adjudication despite the general rule of comity." *Joseph*, 659 F.3d at 219. One of those factors is whether the case involves "classifications subject to heightened scrutiny or fundamental rights" rather than "an issue of economic discrimination." *Dorce*, 2 F.4th at 100 (quoting *Levin*, 560 U.S. at 426) (internal quotation marks omitted and alterations adopted). But here, the district court properly acknowledged that GLF's claims "implicate[d] fundamental rights under the Free Speech and Establishment Clauses," J. App'x at 99, before *also* finding that the other two *Dorce* factors – whether "federal and state courts [are] equally well suited" to choose among possible remedies and whether the plaintiff's "own tax liability" is at issue, *Dorce*, 2 F.4th at 100 (quoting *Levin*, 560 U.S. at 431) – weighed heavily against exercising jurisdiction. As GLF has presented no argument on appeal disputing the district court's determinations

6

on these latter two factors, we cannot say that the district court exceeded its discretion in declining to exercise jurisdiction based on the comity doctrine.

We have considered GLF's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court