LONG ISLAND LIGHTING COMPANY,
Plaintiff–Appellant,

v.

TOWN OF BROOKHAVEN, New York, Arthur Malaussena, as the Assessor for Town of Brookhaven, New York, Harry Ostermann, as the Chairman and Donna Johnson, Audrey Stanzalie, Raymond Farmer, Jr., and Robert Reilly, as Members of the Board of Assessment Review for the Town of Brookhaven, Henrietta Acampora, as the Supervisor of the Town of Brookhaven, F. Daniel Moloney as the Receiver of Taxes for the Town of Brookhaven, County of Suffolk, Sondra Bachety, as the Presiding Officer of the Suffolk County Legislature, Elizabeth Taibbi, as the Clerk of the Suffolk County Legislature, and Shoreham–Wading River Center School District, Defendants–Appellees.

No. 1190, Docket 89–7213.

United States Court of Appeals,
Second Circuit.

Argued June 13, 1989.
Decided Nov. 8, 1989.

Michael Lesch, New York City (John B. Grant, Jr., Joel R. Marcus, Yee Wah Chin, Stephen Lew, Shea & Gould, New York, N.Y.; Victor A. Staffieri, General Counsel, Long Island Lighting Co., Hicksville, N.Y., of counsel), for plaintiff-appellant.

J. Scott Greer, Poughkeepsie, N.Y. (Lewis & Greer, P.C.), for defendant-appellee Shoreham–Wading River School Dist.

Patrick M. Murphy, Jr., Mineola, N.Y. (Ernest T. Bartol, Teresa A. White, Murphy & Bartol, Mineola, N.Y., David Fishbein, Brookhaven Town Attorney, Medford, N.Y., of counsel), for defendant-appellee Town of Brookhaven.

Robert H. Cabble, Hauppauge, N.Y., Asst. County Atty. of Suffolk County (E. Thomas Boyle, Suffolk County Atty., Hauppauge, N.Y., of counsel), for defendant-appellee Suffolk County.

Before OAKES, Chief Judge, and VAN GRAAFEILAND and PRATT, Circuit Judges.

GEORGE C. PRATT, Circuit Judge:

The principal issue on this appeal is whether New York's state courts provide the Long Island Lighting Company (LILCO) with a procedurally adequate remedy for resolution of its constitutional challenge to certain real property taxes assessed against the Shoreham Nuclear Power Station (Shoreham). The United States District Court for the Eastern District of New York, Leonard D. Wexler, *Judge*, determined that because the available state-court remedies are procedurally adequate, the Tax Injunction Act, 28 U.S.C. § 1341, barred consideration of LILCO's claims in federal court. It therefore dismissed LILCO's complaint for lack of jurisdiction, without considering the role of comity in this controversy.

We agree that the adequacy of available state-court remedies deprived the district court of jurisdiction to hear these challenges. However, we rest our decision not only on the Tax Injunction Act, which bars federal courts from granting injunctive or declaratory relief when adequate state remedies exist, but also on the principle of comity, which bars damage relief and, indeed, any relief under 42 U.S.C. § 1983. We therefore affirm the district court's dismissal of the action.

## I. BACKGROUND

Over the last twelve tax years, the Town of Brookhaven has imposed on Shoreham, an 808 megawatt nuclear generating facility located in the Brookhaven real property tax assessing unit, real property tax assessments that have resulted in real property tax levies of more than $445 million. LILCO, the sole owner of Shoreham, paid these taxes but initiated tax certiorari proceedings under New York Real Property Tax Law § 700 *et seq.* (article 7) for each tax year from December 1, 1976, to the present, excluding the 1979–1980 tax year, seeking refunds of alleged overpayments based on its claim that the assessments against Shoreham were excessive, unequal, and unlawful.

Contending that "incredibly obstructive litigation tactics by defendants" have kept the earliest of these tax proceedings from going to trial for more than twelve years, LILCO commenced this action under 42 U.S.C. § 1983 against Brookhaven, certain Brookhaven officials, the Shoreham–Wading River Central School District, Suffolk County, and several county officials. LILCO seeks declaratory, injunctive, and monetary relief because, it alleges, the taxes imposed on Shoreham violate the equal protection and due process clauses of the fourteenth amendment. In particular LILCO alleges that (1) Shoreham has systematically and intentionally been assessed at a higher percentage of fair market value than other property in the Brookhaven tax district based on *de facto* classifications of property by use and geography in violation of both New York statutory law and the equal protection clause of the fourteenth amendment, and (2) that § 720(3) of the New York Real Property Tax Law limits proof of the *de facto* classification, prevents LILCO from introducing evidence of the intent of the assessor and other town officials, and limits proof of the inequality of assessment of various parcels. All of this, LILCO contends, violates the due process clause of the fourteenth amendment.

Concluding that a declaratory judgment action would provide LILCO with a "plain, speedy and efficient remedy", and thus, that LILCO was precluded by the Tax Injunction Act from litigating these claims in federal court, the district court dismissed the complaint. LILCO appeals.

## II. DISCUSSION

A. *Appellate Jurisdiction*

Preliminarily, we must determine whether we have jurisdiction to hear the appeal. LILCO appealed from an "order" of the district court dated January 25, 1989, 703 F.Supp. 241, rather than from a "judgment" entered on that order as required by Fed.R.Civ.P. 58. Defendants have not objected to LILCO's improperly perfected appeal. In fact, no judgment was entered on the order until well after the oral argument of this appeal when the district court, at this court's suggestion, directed the clerk of the court to enter an appropriate judgment. Judgment was ultimately entered on September 8, 1989. Because rule 58 requires that "[e]very judgment shall be set forth on a separate document" and is effective only when so set forth and entered on the civil docket as provided in Fed.R.Civ.P. 79(a), *see* Fed.R.Civ.P. 58; Fed.R.Civ.P. 79(a); *see generally Kanematsu–Gosho, Ltd. v. M/T Messiniaki Aigli*, 805 F.2d 47, 48–49 (2d Cir.1986) (per curiam), there is a preliminary question as to whether LILCO's notice of appeal, filed on February 23, 1989, six and one half months before entry of the judgment, confers jurisdiction on us to hear the appeal.

■ Ordinarily, an appeal may be taken only from a separate document denominated a "judgment" and entered on the civil docket. *See* Fed.R.Civ.P. 58; *National Railroad Passenger Corp. v. City of New York*, 882 F.2d 710, 713 (2d Cir.1989). Fed.R.App.P. 4(a)(2) provides, however, that a notice of appeal filed after the announcement of a decision or order but before entry of judgment shall be treated as filed after such entry and on the day thereof. Accordingly, LILCO's notice of appeal, while technically premature because filed over six months prior to entry of judgment, shall be treated as filed on September 8, 1989, the day judgment was in fact entered. The appeal is therefore properly before us.

■ Moreover, if the parties consent to the appeal of an order, even without entry of a judgment, the court of appeals has jurisdiction to hear the appeal. *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 386–87, 98 S.Ct. 1117, 1120–21, 55 L.Ed.2d 357 (1978) (per curiam) (parties to appeal may waive separate judgment requirement). Consent is established where one party appeals from an order and the opposing parties do not contest appellate jurisdiction. *Id.* at 387–88, 98 S.Ct. at 1121–22; *National Railroad Passenger Corp.*, 822 F.2d at 713; *Finn v. Prudential–Bache Securities, Inc.*, 821 F.2d 581, 585 (11th Cir.1987), *cert. denied*, —— U.S. ——, 109 S.Ct. 274, 102 L.Ed.2d 262 (1988); *see also Fennell v.*

*TLB Kent Co.,* 865 F.2d 498, 499 n. 1 (2d Cir.1989); *United States v. Benevento,* 836 F.2d 129, 130 n. 1 (2d Cir.1988) (per curiam). Because defendants consented by not contesting LILCO's premature appeal, the case is properly before us for this additional reason.

## B. *Tax Injunction Act and Principle of Comity*

The Tax Injunction Act severely limits the power of federal courts to interfere with state taxation proceedings. It provides:

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

28 U.S.C. § 1341. This provision "has its roots in equity practice, in principles of federalism, and in recognition of the imperative need of a State to administer its own fiscal operations". *Tully v. Griffin, Inc.,* 429 U.S. 68, 73, 97 S.Ct. 219, 222, 50 L.Ed.2d 227 (1976). Its principal purpose is to limit drastically federal-court interference with local tax matters. *Rosewell v. LaSalle National Bank,* 450 U.S. 503, 522, 101 S.Ct. 1221, 1233, 67 L.Ed.2d 464 (1981).

■ While it is the Tax Injunction Act that prevents federal courts from giving injunctive relief, *see generally Rosewell,* 450 U.S. 503, 101 S.Ct. 1221, or declaratory relief, *California v. Grace Brethren Church,* 457 U.S. 393, 408–11, 102 S.Ct. 2498, 2507–09, 73 L.Ed.2d 93 (1982), as long as there is a plain, speedy and efficient remedy in state court, it is the principle of comity that prevents a taxpayer from seeking damages in a § 1983 action if a plain, adequate, and complete remedy may be had in state court. *Fair Assessment in Real Estate Association v. McNary,* 454 U.S. 100, 116, 102 S.Ct. 177, 186, 70 L.Ed.2d 271 (1981). There is "no significant difference" between the "plain, speedy and efficient" standard set forth in the Tax Injunction Act and the "plain, adequate, and complete" standard governing comity. *Fair Assessment,* 454 U.S. at 116 n. 8, 102 S.Ct.

at 186 n. 8. "Both phrases refer to the obvious precept that plaintiffs seeking protection of federal rights in federal courts should be remitted to their state remedies if their federal rights will not thereby be lost". *Id.; accord In re Gillis,* 836 F.2d 1001, 1009–10 & n. 7 (6th Cir.1988); *423 South Salina Street, Inc. v. City of Syracuse,* 566 F.Supp. 484, 490 & n. 6 (N.D.N.Y.), *aff'd,* 724 F.2d 26, 27 (2d Cir.1983) (per curiam). *Cf. Rosewell,* 450 U.S. at 524–27, 101 S.Ct. at 1234–36.

A state remedy is plain, speedy and efficient if it is procedurally adequate. *Rosewell,* 450 U.S. at 512, 101 S.Ct. at 1228 (state remedy must meet "minimal *procedural* criteria" (emphasis in original)). A state need only provide a " 'full hearing and judicial determination' at which [a taxpayer] may raise any and all constitutional objections to the tax." *Id.* at 514, 515 n. 19, 101 S.Ct. at 1229, 1230 n. 19 (quoting *LaSalle National Bank v. County of Cook,* 57 Ill.2d 318, 324, 312 N.E.2d 252, 255–56 (1974)).

■ Because New York provides several remedies which afford LILCO an opportunity to raise all constitutional objections to the real property taxes imposed, both comity and the Tax Injunction Act bar access to federal court.

First, LILCO may, in a declaratory judgment action under New York C.P.L.R. § 3001 and New York Gen. Mun. Law § 51, assert its challenges to the constitutionality of the assessor's methodology. *See, e.g., Bloom v. Mayor of City of New York,* 35 A.D.2d 92, 312 N.Y.S.2d 912, 916–17 (2d Dep't 1970), *aff'd,* 28 N.Y.2d 952, 323 N.Y.S.2d 436, 271 N.E.2d 919 (1971); *C.H.O.B. Associates, Inc. v. Board of Assessors of County of Nassau,* 45 Misc.2d 184, 257 N.Y.S.2d 31, 35–36 (Sup.Ct. Nassau Co.), *aff'd,* 22 A.D.2d 1015, 256 N.Y.S.2d 550 (2d Dep't 1964), *aff'd,* 16 N.Y.2d 779, 262 N.Y.S.2d 501 (1965); *Zinder v. Board of Assessors of County of Nassau,* 66 Misc.2d 150, 320 N.Y.S.2d 594, 595–96 (Sup.Ct. Nassau Co.1971), *aff'd,* 38 A.D.2d 836, 329 N.Y.S.2d 1017 (2d Dep't 1972). Moreover, LILCO may prosecute its declaratory judgment action concurrently with its pending

article 7 proceedings that attack the validity of its assessments. *New York Public Interest Research Group, Inc. v. Board of Assessment Review of City of Albany,* 104 Misc.2d 128, 427 N.Y.S.2d 665, 669 (Sup.Ct. Albany Co.1979).

LILCO argues that although the declaratory judgment action may be available, it is procedurally inadequate because in such an action no inquiry into the assessor's mental processes, judgments, and observations would be permitted. Therefore, LILCO contends, it would be precluded from proving a necessary element of its equal protection claim: intent to classify in violation of state law. This contention is baseless.

■ It is, of course, true that evidence of the mental processes of the assessor may not be adduced in a declaratory judgment action. *See, e.g., C.H.O.B. Associates,* 257 N.Y.S.2d at 34–35; *Zinder,* 320 N.Y.S.2d at 596. Such evidence, however, is unnecessary to LILCO's claim that the assessment method violates the equal protection clause. While proof of an intent to discriminate has been required in other types of situations, *see, e.g., Village of Arlington Heights v. Metropolitan Development Corp.,* 429 U.S. 252, 264–65, 97 S.Ct. 555, 562–63, 50 L.Ed.2d 450 (1977) (housing discrimination); *Keyes v. School District No. 1,* 413 U.S. 189, 198, 93 S.Ct. 2686, 2692, 37 L.Ed.2d 548 (1973) (school desegregation); *see also generally Washington v. Davis,* 426 U.S. 229, 239–43, 96 S.Ct. 2040, 2047–49, 48 L.Ed.2d 597 (1976), in the context of real property tax assessments, evidence of the assessor's mental processes need not be proved.

■ The requisite unlawful intent follows from proof of a systematic overassessment over time of certain properties as compared to other similarly situated properties within the taxing district; indeed, absent proof of such an inequitable impact of the assessor's methods, LILCO could not succeed on its equal protection claim. *See, e.g., Allegheny Pittsburgh Coal Co. v. County Commission of Webster County,* — U.S. ——, 109 S.Ct. 633, 639, 102 L.Ed.2d 688 (1989) ("the fairness of one's allocable share of the total property tax burden can only be meaningfully evaluated by comparison with the share of others similarly situated * * *. The relative undervaluation of comparable property * * * over time therefore denies * * * [a party] equal protection of law."); *see also Snowden v. Hughes,* 321 U.S. 1, 9, 64 S.Ct. 397, 401, 88 L.Ed. 497 (1944) ("purposeful discrimination * * * may be evidenced, for example, by a systematic under-valuation of the property of some taxpayers and a systematic over-valuation of the property of others, so that the practical effect of the official breach is the same as though the discrimination were incorporated in and proclaimed by the statute").

■ Intentional discrimination also follows from evidence that the assessing authority repeatedly applied greatly disparate assessment ratios to similarly situated properties in violation of state law. *Louisville & Nashville Railroad Co. v. Public Service Commission of Tennessee,* 249 F.Supp. 894, 899–902 (M.D. Tenn.1966), *aff'd,* 389 F.2d 247 (6th Cir.1968). Thus, because proof that the assessment method results in disparate treatment of similarly situated taxpayers is all that is required for LILCO to succeed in a declaratory judgment action on its equal protection claim, *see Allegheny Pittsburgh,* 109 S.Ct. at 639; *Louisville & Nashville Railroad,* 249 F.Supp. at 899–902, and because such proof not only may be presented, but is essential to success in such an action, the issue of subjective intent as a separate inquiry simply evaporates. Notwithstanding New York's rule against questioning assessors about their subjective attitudes, therefore, New York's declaratory judgment remedy is adequate for purposes of comity and the Tax Injunction Act.

A second procedurally adequate remedy in which LILCO might attack the constitutionality of the assessment methodology would be a § 1983 action in state court. *See Fair Assessment,* 454 U.S. at 116–17, 102 S.Ct. at 186–87 (the availability of a state-court § 1983 action strongly supports the withholding of federal jurisdiction); *accord Brooks v. Nance,* 801 F.2d 1237, 1240 (10th Cir.1986); *Miller v. City of Los Ange-*

*les,* 755 F.2d 1390, 1391 (9th Cir.), *cert. denied,* 474 U.S. 995, 106 S.Ct. 408, 88 L.Ed.2d 359 (1985); *423 South Salina Street,* 566 F.Supp. at 492.

Finally, we are not persuaded that even the pending article 7 tax certiorari proceedings are procedurally inadequate. Only three of LILCO's numerous assertions of procedural inadequacy with respect to the article 7 proceedings are worthy of discussion. First, although methods of proof are limited in the article 7 proceeding, *see* N.Y. Real Prop. Tax Law § 720(3) (McKinney 1984 & Supp.1989), the permitted stratified, random-sample method of proof, under which LILCO may seek to establish the assessment ratio applied to its property as well as the ratio applied to all other property in the taxing district, would allow LILCO to establish that its property is overassessed relative to other property in the taxing district, and evidence of greatly disparate assessment ratios applied over time is sufficient to prevail on an equal protection claim. *See Allegheny Pittsburgh,* 109 S.Ct. at 639; *Louisville & Nashville Railroad,* 249 F.Supp. at 899–902.

■ Slightly more troublesome is LILCO's second claim that the article 7 proceedings, the earliest of which have lingered over ten years in pretrial proceedings, are simply not speedy. While we have some concern over any proceeding that takes over ten years to come to trial, the delay in these proceedings appears to arise less from the inadequacy of the proceeding itself than from a combination of problems of state-court administration and the considerable tactical maneuverings engaged in by both LILCO and defendants. Indeed, LILCO concedes that it consented to some of the adjournments granted to defendants. On this record, we conclude that the delays, albeit lengthy, do not yet establish any procedural inadequacy in these article 7 proceedings.

■ Finally, we reject LILCO's claim that the mere availability of the automatic stay provision of New York C.P.L.R. § 5519(a)(1), which automatically stays any judgment or order when a political subdivi-

sion serves a notice of appeal, *see* New York C.P.L.R. § 5519(a)(1) (McKinney 1978 & Supp.1989), renders all state-court remedies *per se* inadequate because not speedy. Section 5519(a)(1) is little more than a presumption that a political subdivision is entitled to a stay. It permits the stay to be vacated, limited, or modified by the court to which the appeal is taken. Further, a common balance to a stay pending appeal is to expedite the appeal, relief which the record indicates has been granted at least once in this controversy. In short, the mere availability of the statutory stay does not render all state-court actions inadequate.

### III.  CONCLUSION

Because available New York remedies provide an adequate means for litigating all of LILCO's assessment claims, LILCO is limited to its state-court remedies by the combined effect of the Tax Injunction Act and the principle of comity. Accordingly, the judgment of the district court dismissing this § 1983 action for lack of jurisdiction is affirmed.