12 F.3d 1107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John J. LERCH; John A. Adams; Anita Ellen Anderson;
Gilbert K. Anderson; Gisela Anderson; et al.
Plaintiffs-Appellants,
v.
CASCADE COUNTY TREASURER; Gallatin County Treasurer Co;
Montana Department of Revenue; et al.
Defendants-Appellees.
 No. 92-35170.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 5, 1993.*
Decided Dec. 2, 1993.
 
 Before: GOODWIN, SCHROEDER, PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellants appeal the District Court's dismissal of their state tax challenge brought under the Equal Protection Clause. The District Court dismissed this action pursuant to the Tax Injunction Act. 28 U.S.C. Sec. 1341. We affirm.
 
 I.
 
 3
 Appellants are owners of real property located within the state of Montana. They contest Montana Department of Revenue v. Barron, 799 P.2d 533 (Mont.1990), in which the Montana Supreme Court found the sales-assessment ratio study as applied to Area 2.1 (Great Falls Downtown) unconstitutional. The Montana Supreme Court made its decision prospective to December 31, 1990, except for those cases pending on appeal as of the date of the court's decision. Id. at 542. Because Lerch and the class he represents did not have appeals pending at the time of the court's decision, they did not receive reductions in the valuation of their residential properties. As a result, Appellants brought action in federal district court seeking a declaration that the prospective application of Barron unconstitutionally created two classes of taxpayers, and seeking a refund of state taxes paid.
 
 II.
 
 4
 The district court found that the Tax Injunction Act of 1937 deprives it of jurisdiction over this case. We review de novo a district court's decision regarding subject matter jurisdiction. Peter Starr Production Co. v. Twin Continental Films, Inc., 783 F.2d 1440 (9th Cir.1986). The Tax Injunction Act provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. Sec. 1341.
 
 
 5
 The Supreme Court has construed this language to mean only that "the state remedy satisfy certain procedural criteria." Rosewell v. LaSalle National Bank, 450 U.S. 503, 522 (1980). State remedies are deemed adequate if such remedies provide a taxpayer with a full hearing and judicial determination of the controversy at which a taxpayer may raise any and all constitutional objections. Id. at 514, 515 n. 19 (quoting LaSalle National Bank v. County of Cook, 57 Ill.2d 318, 324 (1974)).
 
 
 6
 Appellants first contend that their state court remedy is inadequate because it would not be speedy. They note that another class action suit on the same matter has been pending in Montana state courts for what is now three years. Other than this example, however, they have failed to provide authority to support their position, beyond conclusory statements.
 
 
 7
 The Supreme Court has discussed the meaning of the word speedy and concluded that any interpretation of the term must be assessed against the usual time for similar litigation. In Rosewell, the Court examined an Illinois statute that required a taxpayer contesting her property taxes to pay under protest and if successful, obtain a refund in two years. The Supreme Court ruled that the two-year time period satisfied the "speedy" requirement. 450 U.S. at 520. See also Long Island Lighting Co. v. Town of Brookhaven, 889 F.2d 428 (2d Cir.1989) (a ten-year delay in pretrial proceedings did not establish procedural inadequacy).
 
 
 8
 Here, Appellants complain about a three-year delay in a similar class action. However, such a delay in the context of a class action involving a complex tax issue does not appear unreasonable when compared with similar litigation.
 
 
 9
 Second, Appellants argue that a challenge to the Montana Supreme Court's decision in Barron would be futile because lower state courts would be bound to follow the decision and, if appealed to the Montana Supreme Court, that court would uphold its own decision.
 
 
 10
 However, as the District Court noted, the Montana Supreme Court has not considered the specific constitutional challenge presented by the plaintiffs in this case. The Barron decision itself does not address the constitutional implications that the prospective application of its decision would entail. See Barron, 799 P.2d at 542-43. Thus, the Montana Supreme Court is not prevented from determining the federal constitutional issue presented here. Furthermore, the Montana Supreme Court is not a court of last resort. Final review of this matter would be conducted by the United States Supreme Court. See Rosewell, 450 U.S. at 515-16 n. 19.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3