08-3977-cv
Boivin v. Town of Addison

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of February, two thousand ten.

PRESENT:
> ROBERT A. KATZMANN,
> GERARD E. LYNCH,
> > *Circuit Judges,*
> DENNY CHIN,[*]
> > *District Judge.*

---

MARK A. BOIVIN, individually, and doing business as No-Mon-Ne Farm Assoc., PAUL A. BOIVIN, individually, and doing business as No-Mon-Ne Farm Assoc.,

> *Plaintiffs-Appellants,*

-v.-                                                                08-3977-cv

TOWN OF ADDISON, RICHARD PRATT, ALYCE LANE, WILLIAM F. MUNOFF, ELIZABETH PRATT, DONALD R. (TAD) POWERS, JUSTUS J. DE VRIES, JR., MICHAEL R. O'BRIEN, WILLIAM JOHNSON, KERMIT BLAISDELL, VERMONT APPRAISAL COMPANY,

> *Defendants-Appellees.*[**]

---

[*] The Honorable Denny Chin, of the United States District Court for the Southern District of New York, sitting by designation.

[**] The Clerk of the Court is directed to amend the official caption as set forth above.

FOR APPELLANTS:        Mark A. Boivin, *pro se*, Addison, VT.

FOR APPELLEES:         Mark J. Di Stefano, Assistant Attorney General, Montpelier, VT, for Appellee William Johnson.

                       Donald R. (Tad) Powers, *pro se*, Middlebury, VT.

                       James W. Runcie, Ouimette & Runcie, Vergennes, VT, for Appellees Kermit Blaisdell and Vermont Appraisal Company.

                       Sandra A. Strempel, Dinse, Knapp & McAndrew, P.C., Burlington, VT, for Appellee Michael R. O'Brien.

                       James F. Carroll, English Carroll & Boe P.C., Middlebury, VT, for Appellees Town of Addison, Richard Pratt, Alyce Lane, William F. Munoff, and Elizabeth Pratt.

Appeal from the United States District Court for the District of Vermont (Sessions, *C.J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED** that the district court judgment is **AFFIRMED**.

Plaintiffs-Appellants Mark A. Boivin and Paul A. Boivin, individually and doing business as No-Mon-Ne Farm Association, acting *pro se,* appeal from the July 15, 2008 judgment of the United States District Court for the District of Vermont (Sessions, *C.J.*) dismissing their complaint for lack of subject-matter jurisdiction. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

Preliminarily, we dismiss the appeals of Paul A. Boivin and No-Mon-Ne Farm Association as neither of these appellants has filed a brief. Although Mark A. Boivin purported to file a brief on behalf of the other appellants, as a *pro se* litigant, he may represent only himself. *See Berrios v. New York City Hous. Auth.*, 564 F.3d 130, 133 (2d Cir. 2009). We lack jurisdiction to review the district court's order, pursuant to 28 U.S.C. § 1447(d), to the extent that it remanded the case to state court. Although § 1443 provides an exception to the prohibition on

2

appellate review of remand orders, the present suit is not encompassed by this exception. *See Georgia v. Rachel*, 384 U.S. 780, 792 (1966) (holding that § 1443 is limited to cases brought under laws "providing for specific civil rights stated in terms of racial equality" and does not apply to "broad contentions under the First Amendment and the Due Process Clause of the Fourteenth Amendment").

This Court reviews *de novo* a district court's decision dismissing a complaint for lack of jurisdiction. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). After having reviewed Boivin's contentions on appeal and the record of proceedings below, we affirm for substantially the same reasons stated by the district court in its thorough opinion. Additionally, we find no merit to Boivin's claim that the district court erred by failing to hold an evidentiary hearing, as Boivin did not request a hearing in district court. Additionally, Boivin has admitted on appeal that Vermont state courts are empowered to consider constitutional claims; this is all that is necessary for the state court's remedies to be adequate under the Tax Injunction Act. *See Long Island Lighting Co. v. Town of Brookhaven*, 889 F.2d 428, 431 (2d Cir. 1989) (finding remedies are adequate if the state provides "a full hearing and judicial determination at which [a taxpayer] may raise any and all constitutional objections to the tax") (internal quotation marks and citation omitted).

We have considered all of Boivin's arguments and find them to be without merit.

Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3