11-1679-cv
Greenberg v. Town of Scarsdale

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of May, two thousand twelve.

PRESENT:
> JOSEPH M. McLAUGHLIN,
> ROBERT A. KATZMANN,
> *Circuit Judges,*
> JOHN F. KEENAN,[*]
> *District Judge.*

——————————————————————————

Steven L. Greenberg,

> *Plaintiff-Appellant*,

> v.                                          11-1679-cv

Town of Scarsdale, Village of Scarsdale,
Nanette J. Albanese,

> *Defendants-Appellees*.

——————————————————————————

FOR PLAINTIFF -APPELLANT:        Steven L. Greenberg*, pro se*, Scarsdale, N.Y.

FOR DEFENDANTS -APPELLEES:        Terry Rice, Law Offices of Rice & Amon, Suffern, N.Y.

---

[*]   The Honorable John F. Keenan, United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Southern District of New York (Owen, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Steven L. Greenberg, *pro se*, appeals from the judgment of the district court granting defendants' motion to dismiss on the ground that the Tax Injunction Act, 28 U.S.C. § 1341, and the principle of comity, deprived it of subject matter jurisdiction over his complaint asserting, *inter alia*, violations of 42 U.S.C. § 1983. Greenberg also appeals from the district court's denial of his motion seeking leave to amend his complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews *de novo* a district court's conclusion that it lacked subject matter jurisdiction. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Id.* In addition, to the extent a district court dismisses an action based on comity, we review that decision for an abuse of discretion. *See Joseph v. Hyman*, 659 F.3d 215, 218 n.1 (2d Cir. 2011).

The Tax Injunction Act ("TIA") provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341; *see Long Island Lighting Co. v. Town of Brookhaven*, 889 F.2d 428, 431 (2d Cir. 1989) ("[T]he Tax Injunction Act . . . prevents federal courts from giving injunctive relief or declaratory relief, as long as there is a plain, speedy and efficient remedy in state court . . . ." (internal citations omitted)). Similarly, the principle of comity prevents a taxpayer from seeking damages in a §

2

1983 action if a plain, adequate, and complete remedy may be had in state court. *See Long Island Lighting Co.*, 889 F.2d at 431. Thus, before the TIA may be invoked to bar district court jurisdiction, two conditions must exist: (1) the assessment or surcharge in question must constitute a tax; and (2) the plaintiff must lack a "plain, speedy and efficient remedy in state court."

Here, for substantially the same reasons cited by the district court and the magistrate judge, we find that the district court was correct in holding that the TIA and the principle of comity divested it of jurisdiction over the instant action. Greenberg's complaint sought declaratory and injunctive relief, as well as damages pursuant to § 1983, in connection with the assessment of his real property for the purpose of collecting taxes on that property. On appeal, he argues, *inter alia,* that his complaint is not barred by the TIA or the principle of comity to the extent it challenges defendants' *ultra vires* actions, seeks injunctive and declaratory relief that would increase the real property assessments of individuals and entities other than himself, and asserts a due process challenge to the notice of assessment and assessment review process. A close review of these arguments and the record below, however, leads to the conclusion that, despite Greenberg's characterization of his claims as falling outside the ambit of the TIA and the principle of comity, all of his claims are "in effect seeking a federal-court ruling on a local tax matter," which is precisely the type of suit the TIA and the principle of comity are intended to prohibit. *Bernard v. Vill. of Spring Valley*, 30 F.3d 294, 297 (2d Cir. 1994). In addition, as correctly determined by the district court, available New York remedies provide an adequate means for litigating all of Greenberg's assessment claims in a state forum. *See Long Island Lighting Co.*, 889 F.2d at 431-33. Accordingly, the judgment of the district court dismissing this action for lack of jurisdiction is affirmed.

3

Greenberg also challenges the magistrate judge's denial of his motion to amend his complaint. We review this decision for abuse of discretion. *See Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 177 (2d Cir. 2006). Having reviewed Greenberg's contentions on appeal and the record of proceedings below, we find that the district court properly concluded that amendment in this case would be futile. Thus, it did not abuse its discretion in denying Greenberg's motion to amend. *See AEP Energy Servs. Gas Holding Co. v. Bank of Am. N.A.,* 626 F.3d 699, 726 (2d Cir. 2010) ("Leave to amend may be denied on grounds of futility if the proposed amendment fails to state a legally cognizable claim or fails to raise triable issues of fact.").

We have considered all of Greenberg's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4