12-2087-cv
*Henke v. City of Newburgh*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of May, two thousand thirteen.

PRESENT:

> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> RAYMOND J. LOHIER, JR.,
>   *Circuit Judges.*

---

GEORGE A. HENKE, JR.,

> *Plaintiff-Appellant,*

v.                                                                No. 12-2087-cv

CITY OF NEWBURGH, NEW YORK,

> *Defendant-Appellee.*

---

**FOR PLAINTIFF-APPELLANT:**          George A. Henke, Jr., *pro se*, Cornwall-on-Hudson, NY.

**FOR DEFENDANT-APPELLEE:**          Richard B. Golden, Burke, Miele & Golden, LLP, Goshen, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Cathy Seibel, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's May 8, 2012 judgment is **AFFIRMED**.

Plaintiff-appellant George A. Henke, Jr., proceeding *pro se*, appeals from the District Court's dismissal of his complaint, pursuant to the Tax Injunction Act ("TIA"). *See* 28 U.S.C. § 1341. In his complaint, Henke asserted, *inter alia*, violations of the First Amendment of the United States Constitution and sought declaratory and injunctive relief. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews *de novo* a district court's conclusion that it lacked subject matter jurisdiction. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Id.*

The TIA provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341; *see Long Island Lighting Co. v. Town of Brookhaven*, 889 F.2d 428, 431 (2d Cir. 1989) ("[T]he Tax Injunction Act . . . prevents federal courts from giving injunctive relief or declaratory relief, as long as there is a plain, speedy and efficient remedy in state court . . . ." (internal citations omitted)). Before the TIA may be invoked to bar district court jurisdiction, two conditions must exist: (1) "the surcharges must constitute taxes," and (2) "the state remedies available to plaintiff[ ] must be plain, speedy and efficient." *Hattem v. Schwarzenegger*, 449 F.3d 423, 427 (2d Cir. 2006) (internal quotation marks omitted).

After an independent review of the record and relevant case law, we conclude that Henke's arguments are without merit. Substantially for the reasons stated by the District Court in its Memorandum and Order dated April 30, 2012, we conclude that Henke's claims were properly dismissed pursuant to the TIA.

Accordingly, the May 8, 2012 judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2