16-876-cv
Piedmont Gardens LLC v. LeBlanc

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of May, two thousand eighteen.

PRESENT: JOHN M. WALKER, JR.,
         DENNIS JACOBS,
                      Circuit Judges,
         KATHERINE B. FORREST,*
                      District Judge.

- - - - - - - - - - - - - - - - - - - - -X

Piedmont Gardens, LLC, on behalf of
themselves and others similarly
situated, Samuel Pollack, on behalf
of themselves and others similarly
situated, Back Bone, LLC, on behalf
of themselves and others similarly
situated, Barbara Yale, on behalf of
themselves and others similarly
situated,
         Plaintiffs-Appellants,

         -v.-                                    16-876-cv

---

* Judge Katherine B. Forrest, of the United States District Court for the Southern District of New York, sitting by designation.

1

**Michael LeBlanc, Frank Caruso, Karen Mulcahy, City of Waterbury, and John Does, 1-10,**
         **Defendants-Appellees.**

- - - - - - - - - - - - - - - - - - - - - - -X

**FOR PLAINTIFFS-APPELLANTS:**    James Stedronsky, Esq.,
                                 Stedronsky & Meter, LLC,
                                 Litchfield, CT; David C.
                                 Yale, Esq., Hassett &
                                 George, P.C., Simsbury, CT.

**FOR DEFENDANTS-APPELLEES:**     Thomas G. Parisot (Tara L.
                                 Shaw, on the brief), Secor,
                                 Cassidy & McPartland, P.C.,
                                 Waterbury, CT.

Appeal from the judgment of the United States District Court for the District of Connecticut (Thompson, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that that the judgment of the district court is **AFFIRMED**.

Piedmont Gardens LCC and its co-plaintiffs appeal the judgment of the United States District Court for the District of Connecticut dismissing their request for declaratory and injunctive relief as well as damages in connection with Waterbury's collection procedures for delinquent property taxes. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Plaintiffs, who are property owners in Waterbury, allege that appellee Waterbury officials are acting in contravention of Connecticut statutes and the city charter by requiring delinquent taxpayers to pay unearned, additional fees to local marshals. The present dispute arises from the parties' divergent interpretations of a Connecticut statute that specifies which fees are owed by a taxpayer. See Conn. Gen. Stat. §§ 12-162(b)(1), 12-162(c),

2

12-166, 52-261(a)(f).[2]  State law permits a state marshal or constable to act as an agent of Waterbury for the purpose of serving alias tax warrants to delinquent property owners.  See id. §§ 12-162(c), 52-261(a)(f).  Marshals are entitled to a fee of up to 15% of the tax liability in compensation for their service.  Id.  Plaintiffs argue that Connecticut law entitles the marshals to a fee only upon (and after) physical collection of the delinquent municipal taxes, and not as part of the tax payment itself, so that the marshals are compensated by the city, rather than the property owner.  Defendants insist that the marshal fee becomes part of the state tax owed by the property owner when the alias tax warrant is issued.

Plaintiffs sued in federal court, alleging that these assessment and collection procedures violate their constitutional rights.  The complaint sought declaratory relief, injunctive relief, and damages pursuant to 42 U.S.C. § 1983 and Conn. Gen. Stat. § 52-564.  The defendants moved to dismiss on the grounds that the district court lacked jurisdiction under the Tax Injunction Act ("TIA"), 28 U.S.C. § 1341, and the doctrine of comity.  The district court concluded that the suit was barred since it concerned the collection of a state tax.  On appeal from the dismissal for lack of subject matter jurisdiction, "we review factual findings for clear error and legal conclusions *de novo*."  Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  Id.; see Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996).  The TIA deprives federal courts of jurisdiction over suits to "enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such

---

[2] Section 52-261 has recently been amended, and Section 52-261(a)(6) is now codified at Section 52-261(a)(f).  As there is no substantive difference between these versions, for the purposes of this order we refer to the current version.

3

State." 28 U.S.C. § 1341. "Collection" within the meaning of the TIA refers to "the act of obtaining payment of taxes due." See Direct Mktg. Ass'n v. Brohl, 135 S. Ct. 1124, 1130 (2015).

The principle of comity operates more broadly than the TIA. Comity reflects "a proper respect for state functions," including the collection of state taxes, and prevents taxpayers from "invok[ing] federal judgments without first permitting the State to rectify any alleged impropriety." Fair Assessment in Real Estate Ass'n v. McNary, 454 U.S. 100, 112, 114 (1981). As with the TIA for injunctive and declaratory relief, comity "bars federal courts from granting damages relief" provided that "plain, adequate, and complete" remedies exist at state law. Id. at 107, 116; see also Levin v. Commerce Energy, Inc., 560 U.S. 413, 421-22 (2010); Long Island Lighting Co. v. Town of Brookhaven, 889 F.2d 428, 431 (2d Cir. 1989).

Plaintiffs challenge a specific tax collection procedure employed by the town: the inclusion of an up to 15% marshal fee in the sum owed by a delinquent property owner. We need not determine whether this challenge enjoins, suspends, or restrains the collection of a state tax within the meaning of the TIA, because comity is a more embracive doctrine and offers a sufficient basis to affirm. See Levin, 560 U.S. at 424, 432 ("Because we conclude that the comity doctrine justifies dismissal of respondents' federal-court action, we need not decide whether the TIA would itself block the suit."). Indeed, in seeking certification to the Connecticut Supreme Court, Plaintiffs admitted that comity applies to this case. See Appellants' Reply Br. at 2-3.[3]

---

[3] We previously declined the request to certify the following question of state law to the Connecticut Supreme Court: "Must municipal constables and state marshals execute upon a tax warrant and collect a sum of money (rather than simply serve the warrant) before they are entitled to a fee under Connecticut General Statutes §§ 12-162(b)(1) and 52-261(a)(6)?" Motion to Certify Question of State Law, at 1.

4

Regardless of whether the marshal's fee is part of the delinquent property tax owed by the taxpayer, this suit seeks relief that "risk[s] disrupting state tax administration." Levin, 560 U.S. at 417. Dismissal is therefore appropriate so long as there is an adequate state law remedy. "A state remedy is plain, speedy and efficient if it is procedurally adequate ... [a] state need only provide a full hearing and judicial determination at which a taxpayer may raise any and all constitutional objections to the tax." Long Island Lighting Co., 889 F.2d at 431 (quoting Rosewell v. LaSalle Nat'l Bank, 450 U.S. 503, 512 (1981) (internal alterations omitted)). State remedies that satisfy the TIA's "plain, speedy, and efficient" requirement will also satisfy the "plain, adequate, and complete" requirement under the comity doctrine. See Abuzaid v. Mattox, 726 F.3d 311, 316 (2d Cir. 2013) (quoting Fair Assessment, 454 U.S. at 116 n.8).

Plaintiffs fail to show how the Connecticut statutory remedies identified by the District Court deprive them of a full hearing and a judicial determination of their claims. A Connecticut taxpayer may appeal an unlawful assessment of property taxes and associated fees either prior to payment, Conn. Gen. Stat. § 12-119, or after payment under protest as a constitutional challenge to obtain a refund. Conn. Gen. Stat. § 12-129 (providing recourse to "[a]ny person, firm, [or] corporation who pays any property tax in excess of the principal of such tax ... or fees pertaining to such tax"). Furthermore, the Connecticut state constitution offers a remedy for deprivation of constitutional rights that is, for all relevant purposes, coextensive with 42 U.S.C. § 1983. See Roundhouse Const. Corp. v. Telesco Masons Supplies Co., Inc., 170 Conn. 155, 157 (1976). These options satisfy comity's requirement of a plain, adequate, and complete remedy.

For the foregoing reasons, and finding no merit in the Plaintiffs-Appellants' other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5