17-2500-cv
Campaniello v. NY State Dept.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of September, two thousand eighteen.

PRESENT: RALPH K. WINTER,
JOHN M. WALKER, JR.,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

———————————————————————

THOMAS CAMPANIELLO, SANDRA CAMPANIELLO,

*Plaintiffs-Appellants*,

NATHAN LEWIN

*Plaintiff,*

v.                                          17-2500-cv

NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, NEW YORK STATE DIVISION OF TAX APPEALS TRIBUNAL, COMMISSIONER OF TAX AND FINANCE, JAMES H. TULLY, JR.,

1

ROBERTA MOSELEY NERO,

*Defendants-Appellees.*

_____

FOR PLAINTIFFS-APPELLANTS:     NATHAN LEWIN (Alyza D. Lewin, *on the brief*), Lewin & Lewin LLP, Washington, DC.

Richard H. Dolan and Seth D. Allen, Schlam Stone & Dolan LLP, New York, NY.

FOR DEFENDANTS-APPELLEES:     SCOTT A. EISMAN (Anisha S. Dasgupta, *on the brief*), for Barbara D. Underwood, Attorney General of the State of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Schofield, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants Thomas Campaniello and Sandra Campaniello appeal from the district court's decision dismissing their complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). On appeal, they contend that their claims are not barred by the Tax Injunction Act and that New York's tax laws are discriminatory. We affirm the district court's dismissal and conclude that the Tax Injunction Act deprived the district court of subject matter jurisdiction over this matter. We assume the parties' familiarity with the facts and record of prior proceedings, which we briefly summarize as necessary to explain our decision. We then turn to the merits of this appeal.

I.    **The Campaniello's Allegations and Procedural History**

Plaintiffs-Appellants Thomas Campaniello ("Thomas") and Sandra Campaniello ("Sandra") (collectively, "Plaintiffs-Appellants") brought an action against Defendants New York State Department of Taxation and Finance ("Department of Taxation"); New York State Division of Tax Appeals, Tax Appeals Tribunal ("TAT"); Commissioner of Taxation and Finance ("Commissioner"); James H. Tully, Jr. and Roberta Mosely Nero

2

(collectively "Defendants-Appellees"), alleging, in an action brought pursuant to 42 U.S.C. § 1983, that the Defendants-Appellees had violated their rights under the Fourteenth Amendment to the U.S. Constitution. Defendants-Appellees filed a motion to dismiss this action in the district court for lack of subject matter jurisdiction pursuant to Federal Rule 12(b)(1) of the Federal Rules of Civil Procedure, which the district court granted.

Plaintiffs-Appellants are married, but live separately for approximately half of the year, with Sandra residing in New York and Thomas residing in Florida while apart. Thomas frequently travels to New York to visit Sandra, their daughter, and their grandson. Thomas moved to New York City from Italy to be in a relationship with Sandra after they met while both vacationing in Rome. Thereafter, they were married and resided in New York, where they entered the furniture business. In 1981, Thomas purchased a condominium apartment in Florida and opened a Florida showroom for his furniture company. By 2006, Thomas had accumulated nine properties in Florida. Thomas alleges that he obtained a Florida driver's license in 1998 and began moving his "prized possessions" to Florida in 2006, including his Ferrari, catamaran, and classical guitars. In November 2007, Thomas sold one of his Florida investment properties. From that sale, he realized a capital gain of $5,392,445. Thomas did not file a resident state tax return in New York for the calendar year 2006, because he concluded that he was domiciled in Florida, and instead filed a nonresident New York tax return. He filed that return on December 6, 2007, pursuant to an extension granted for the filing of his 2006 return, after he sold the Florida investment property. For the calendar year 2007, Thomas also filed nonresident tax returns in New York.

On November 14, 2011, Thomas was served with a Notice of Deficiency by the Commissioner for the 2007 tax year, stating that he owed $488,781.00 in tax, $177,824.15 in interest, and $113,349.56 in penalties for capital gains from selling the Florida property. The Tax Division assessed this amount because it determined that Thomas was a New York resident and should have filed a resident New York tax return for 2006 and 2007, which would have required Thomas to pay capital gains taxes on the sale of the property.

Thomas appealed the decision of the Tax Division and had a hearing before an Administrative Law Judge ("ALJ"). The ALJ affirmed the decision of the Tax Division on June 25, 2015. Thomas then appealed that decision to the TAT. On July 21, 2016, the TAT affirmed the ALJ's decision in an opinion issued by Commissioners Tully and Nero, the individual Defendants named in this suit. Thomas then appealed the TAT decision to the New York Supreme Court Appellate Division, Third Department, pursuant to Article 78 of the New York Civil Practice Law and Rules and Section 2016 of the New York Tax Law, asserting that the decision was arbitrary and capricious and not supported by substantial

evidence. While that action was still pending, Plaintiffs-Appellants filed this action on November 18, 2016. Plaintiffs-Appellants' action asserts a cause of action under 42 U.S.C. § 1983 for the violation of their Fourteenth Amendment "right to live their marriage in the manner in which they desire." J. App'x at 18. On March 3, 2017, the Defendants filed a motion to dismiss for lack of subject matter jurisdiction, which the district court granted on July 27, 2017.

## II.    Standard of Review

On appeal from a judgment dismissing a suit for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), we review a district court's factual determinations for clear error and legal conclusions *de novo*. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Moreover, "[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.* In deciding a motion to dismiss under Rule 12(b)(1), a "district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014).

## III.    The Tax Injunction Act

The Tax Injunction Act ("TIA"), 28 U.S.C. § 1341, "prevents federal courts from giving injunctive relief or declaratory relief, as long as there is a plain, speedy and efficient remedy in state court." *Bernard v. Vill. of Spring Valley, N.Y.*, 30 F.3d 294, 297 (2d Cir. 1994) (quoting *Long Island Lighting Co. v. Town of Brookhaven*, 889 F.2d 428, 431 (2d Cir. 1989)). The TIA is meant to strictly limit federal courts from interfering with local tax matters. *Long Island Lighting Co.*, 889 F.2d at 431. This prohibition is jurisdictional and strips the federal courts of subject matter jurisdiction. *Id.*

Plaintiffs-Appellants are seeking to enjoin New York from treating Thomas as a New York resident for the purposes of assessing and collecting state taxes. As such, their suit falls squarely within the type of interference with state courts that the TIA is meant to prevent. Plaintiffs-Appellants' argument that their suit is broader than the tax laws of New York is unavailing as the only defendants are tax officials and agencies, the only alleged conduct at issue is related to a tax liability, and the only relief requested relates to enjoining tax officials and agencies from applying the Tax Laws "in violation of the Fourteenth Amendment." J. App'x 19.

Moreover, New York provides "plain, speedy, and efficient relief" for taxpayers. A state court provides a taxpayer with "plain, speedy, and efficient relief" if that taxpayer is

4

afforded "a full hearing and judicial determination at which she may raise any and all constitutional objections to the tax." *California v. Grace Brethren Church*, 457 U.S. 393, 411 (1982) (internal quotation marks omitted). The Supreme Court concluded that New York's procedures for challenging tax assessments satisfied this standard. *Tully v. Griffin, Inc.*, 429 U.S. 68, 74–77 (1976); *see also Long Island Lighting Co.*, 889 F.2d at 431 ("Because New York provides several remedies which afford [plaintiff] an opportunity to raise all constitutional objections to the real property taxes imposed, . . . the Tax Injunction Act bar[s] access to federal court."). Because New York offers an adequate remedy to the Plaintiffs-Appellants, we conclude that we are without jurisdiction under the TIA to grant them any injunctive relief.

## IV.    Principles of Comity

Plaintiffs-Appellants' requested relief is also barred by the comity doctrine, which "restrains federal courts from entertaining claims for relief that risk disrupting state tax administration," *Levin v. Commerce Energy, Inc.* 560 U.S. 413, 417 (2010), provided that plaintiffs can access "state remedies that are plain, adequate, and complete, and may ultimately seek review of the state decisions in [the Supreme] Court." *Abuzaid v. Mattox*, 726 F.3d 311, 315 (2d Cir. 2013) (alteration in original) (internal quotation marks omitted). Plaintiffs-Appellants' claims would disrupt state tax administration by preventing New York State from assessing and collecting taxes from married individuals living apart who tax authorities have found to be domiciled in New York. Moreover, we have consistently found that New York state courts provide a "plain, adequate, and complete remedy" for litigants. *See, e.g., id.* at 315–16. For these reasons, the Plaintiffs-Appellants' requested relief is also barred by the doctrine of comity.

## V.    Declaratory Judgment Act

Plaintiffs-Appellants also seek declaratory relief in the form of a "declaration that 'living apart together' is a protected type of marriage under the Fourteenth Amendment to the United States Constitution." J. App'x 19. Because we have determined that the federal courts do not have subject matter jurisdiction to adjudicate the dispute between the Plaintiffs-Appellants and New York State's tax authorities, we also lack the power to grant the requested declaration. *Keene Corp. v. Fiorelli (In re Joint E. & S. Dist. Asbestos Litig.)*, 14 F.3d 726, 731 (2d Cir. 1993) ("[A] request for relief in the form of a declaratory judgment does not by itself establish a case or controversy involving an adjudication of rights.").

5

We have considered the remainder of Plaintiffs-Appellants' arguments and conclude they are without merit. For the reasons stated above, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court