09-4170-cv
Casciani v. Nesbitt

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of September, two thousand ten.

PRESENT: DENNIS JACOBS,
                              Chief Judge,
                REENA RAGGI,
                              Circuit Judge,
                JED S. RAKOFF,[*]
                              District Judge.

- - - - - - - - - - - - - - - - - - - -X

JOHN CASCIANI,
        Plaintiff-Appellant,

        -v.-                                              09-4170-cv

RONALD NESBITT, TOWN BOARD SUPERVISOR,
In His Individual and Official
Capacity, TOWN OF WEBSTER,
        Defendants-Appellees.
- - - - - - - - - - - - - - - - - - - -X

[*]District Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANT:                    Christina A. Agola, PLLC.
                                  2100 First Federal Plaza
                                  28 East Main St.
                                  Rochester, NY 14614

FOR APPELLEES:                    Joshua I. Feinstein, Esq.
                                  Adam W. Perry, Esq.
                                  Hodgson Russ LLP
                                  140 Pearl St. Suite 100
                                  Buffalo, NY 14202

Appeal from a judgment of the United States District Court for the Western District of New York (Larimer, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

John Casciani challenges the grant of defendants' motion for summary judgment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

[1]  We review a district court grant of summary judgment de novo. Guest v. Hansen, 603 F.3d 15, 20 (2d Cir. 2010). In ruling on a motion for summary judgment, the court must "constru[e] the evidence in the light most favorable to the non-moving party and draw[] all reasonable inferences in [his] favor. Allianz Ins. Co. v. Lerner, 416 F.3d 109, 113 (2d Cir. 2005). However, the court is not required to draw *all* inferences in the nonmovant's favor, but only all *reasonable* inferences. A party may not avoid summary judgment with "assertions that are conclusory or based on speculation." Major League Baseball Props., Inc. v. Salvino, Inc., 542 F.3d 290, 310 (2d Cir. 2008) (internal citations omitted). Summary judgment is warranted where there is no genuine issue of material fact. Allianz Ins. Co., 416 F.3d at 113.

[2]  Casciani argues that he was the victim of selective enforcement of Chapter 76 of the Town of Webster Code ("Ordinance 76") or, in the alternative, that Ordinance 76 creates a "class of one" in violation of Casciani's Fourteenth Amendment right to equal protection. To establish either claim, Casciani must show both that he

2

was treated differently than other persons who were similarly situated and that such differential treatment was either without rational basis (a "class of one" claim) or was motivated by an intent to discriminate on an impermissible basis (a selective enforcement claim). Cobb v. Pozzi, 363 F.3d 89, 110 (2d Cir. 2004) (describing elements of "class of one" claim); Zahra v. Town of Southold, 48 F.3d 674, 683 (2d Cir. 1995) (describing elements of selective enforcement claim).

We agree with the district court that Casciani failed to raise a genuine issue of fact as to disparate treatment. The individuals Casciani cites as examples were not similarly situated because they did not take off or land helicopters from residential property in the town. See Doninger v. Niehoff, 527 F.3d 41, 53 (2d Cir. 2008) (requiring plaintiff to show "extremely high degree of similarity" between himself and comparators). In any event, they were not treated differently because the challenged ordinance was generally applicable and was never enforced against either Casciani or the individuals to which he would compare himself. See Church of Am. Knights of the Ku Klux Klan v. Kerik, 356 F.3d 197, 210-11 (2d Cir. 2004) (holding that differential treatment is "prerequisite" to selective enforcement claim).

[3] Casciani argues that the passage of Ordinance 76 "chilled" his speech in violation of his First Amendment rights. However, Casciani offered no elaboration on this assertion and gave no specifics as to how Ordinance 76 qualifies as retaliation, what it retaliated against, or what speech of his it threatened to "chill." Arguments not made in an appellant's opening brief are waived, and merely incorporating by reference an argument presented to the District Court or asserting an issue without advancing an argument does not suffice to adequately raise an issue for appellate review. Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir. 1998); see also Tolbert v. Queens Coll., 242 F.3d 58, 75 (2d Cir. 2001) ("It is a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (internal quotation marks omitted)). As a result of his failure to give even a bare-bones explanation of how his rights were

infringed upon, Casciani has waived his First Amendment claim.

**[4]** Casciani argues that Ordinance 76 is unconstitutional on its face because it draws an arbitrary distinction between helicopters and ultralight aircraft. Ordinance 76 does not implicate any suspect class (race, gender, etc.) or fundamental right, so the proper standard of review is rational basis. See Estate of Landers v. Leavitt, 545 F.3d 98, 112 (2d Cir. 2008); Greene v. Town of Blooming Grove, 879 F.2d 1061, 1063 (2d Cir. 1989) (holding that city ordinance is entitled to presumption of validity and "will not be held unconstitutional if its wisdom is at least fairly debatable and it bears a rational relationship to a permissible state objective"). The party challenging such an ordinance bears the heavy burden of negating every conceivable rational and legitimate basis for the ordinance. Tuan Anh Nguyen v. I.N.S., 533 U.S. 53, 75 (2001).

It is manifest that noise and safety are rational bases for the distinction between helicopters and ultralight aircraft. See Heller v. Doe, 509 U.S. 312, 319 (1993).

Finding that Casciani failed to raise a genuine issue of material fact with regard to any of his claims, we hereby **AFFIRM** the district court's granting of summary judgment for the defendants.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4