11-4372-cv
Casciani v. Town of Webster

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of November, two thousand twelve.

PRESENT: JOHN M. WALKER, JR.,
GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

_____

JOHN CASCIANI,
*Plaintiff-Appellant*,

v.                                                        No. 11-4372-cv

TOWN OF WEBSTER, RONALD NESBITT, Town Board Supervisor, DONALD HAUZA, Assistant Public Works Commissioner, both in their individual and official capacities,
*Defendants-Appellees.*

_____

FOR APPELLANT:                CHRISTINA A. AGOLA, Christina A. Agola, PLLC, Rochester, New York.

FOR APPELLEE:                 JOSHUA FEINSTEIN (Adam W. Perry, *on the brief*), Hodgson Russ LLP, Buffalo, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (David G. Larimer, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED in part and VACATED and REMANDED in part.

Plaintiff-appellant John Casciani filed suit against the Town of Webster, its Board Supervisor, Ronald Nesbitt, and its Assistant Public Works Commissioner, Donald Hauza, pursuant to 42 U.S.C. § 1983 alleging retaliation and selective enforcement of various local laws. The district court (David G. Larimer, *Judge*) granted defendants-appellees' motion for judgment on the pleadings on claim-preclusion (or res judicata) grounds. On appeal, Casciani argues that the district court applied claim preclusion overly broadly to dismiss his claims because some of them arose after the filing of his previous complaint. We assume the parties' familiarity with the facts and prior proceedings, which we reference only as necessary to explain our decision.

We review a district court's determination that a claim is precluded by the doctrine of claim preclusion de novo. Nestor v. Pratt & Whitney, 466 F.3d 65, 70 (2d Cir. 2006). We review a district court's judgment pursuant to Federal Rule of Civil Procedure 12(c) de novo, accepting all factual allegations contained in the complaint as true and drawing all reasonable inferences in the plaintiff's favor. Graziano v. Pataki, 689 F.3d 110, 114 (2d Cir. 2012). We may affirm the district court's judgment "on any ground supported by the record." Sudler v. City of New York, 689 F.3d 159, 168 (2d Cir. 2012).

The district court dismissed the complaint as barred by claim preclusion in its entirety. To the extent Casciani's complaint in this case includes allegations that could have been brought in his prior action that are part of the same nucleus of operative facts, the district court did not err in dismissing them. Waldman v. Vill. of Kiryas Joel, 207 F.3d 105, 108 (2d Cir. 2000). However, Casciani argues on appeal that some of the claims raised in the present complaint arose after either the filing of his original complaint or the denial of his motion for leave to amend his original complaint. To determine the moment when claim preclusion was triggered in the first proceeding, we must analyze whether the denial of leave to amend constituted a final judgment on the merits as to the allegations in the proposed amended complaint. Flaherty v. Lang, 199 F.3d 607, 613-16 (2d Cir. 1999). This inquiry requires us to ask "whether the claim in the proposed supplemental complaint had been before the court in the prior action in a realistic sense." Id. at 614 (internal quotation marks and alterations omitted).

The district court in Casciani's original lawsuit considered his proposed amended complaint in a consolidated order that also granted summary judgment for the defendants, and we affirmed that order on appeal. Casciani v. Nesbitt, 659 F. Supp. 2d 427 (W.D.N.Y. 2009), aff'd 392 F. App'x 887 (2d Cir. 2010). The district court specifically held that amendment of Casciani's complaint would be futile because it "could not withstand a motion to dismiss for failure to state a claim." Id. at 465. The district court's opinion considered in turn each new claim put forward in the proposed amended complaint and determined that each of them "fail[ed] as a matter of law." Id. at 467. Because the district court thoroughly

3

discussed its denial of leave to amend and the basis for that decision was "readily apparent," we conclude that the denial constitutes a final judgment sufficient to preclude any claims contained in the proposed amended complaint. Flaherty, 199 F.3d at 615; see McNellis v. First Fed. Sav. & Loan Ass'n of Rochester, 364 F.2d 251, 255-56 (2d Cir. 1966). As a result, the district court did not err by holding that all claims alleged in the proposed amended complaint in Casciani's prior action were claim precluded.

Casciani argues that three of the claims alleged in the complaint before this court today arose after the filing of his prior complaint and were not alleged in his proposed amendment to that complaint. He argues that a local ordinance regulating aircraft operation in the town of Webster has been selectively enforced against him, that he was subjected to retaliatory tax increases on various of his properties in Webster, and that defendant Hauza caused a building permit to be unduly delayed in retaliation for filing his original lawsuit. We consider in turn whether these claims survive claim preclusion and state a claim on which relief can be granted.

Casciani's allegation that the local aircraft ordinance has been selectively enforced against him was presented in his proposed amended complaint in the prior action. He previously alleged that Webster resident John Roessel was allowed to operate his aircraft "without incident, harassment, or provocation from the town of Webster," and that such differential treatment constituted "selective and discriminatory prosecution." Casciani's selective enforcement claims in this case are also based on differential treatment between him and Roessel. Because Casciani alleges continuing actions that "are 'related in time, space,

4

origin, or motivation,'" his selective enforcement claims in this suit are part of the same nucleus of operative fact and are therefore precluded. Waldman, 207 F.3d at 108, quoting Interoceanica Corp. v. Sound Pilots, Inc., 107 F.3d 86, 90 (2d Cir. 1997).

Casciani claims that the Town retaliated against him by raising the tax assessment on some of his properties. While this claim is not part of the same nucleus of operative fact as the allegations contained in the proposed amended complaint, the district court dismissed it as barred by the principle of comity. Actions under § 1983 seeking damages related to the collection of state taxes are barred by the principle of comity so long as there is a procedurally adequate state alternative procedure for challenging the assessment. Fair Assessment in Real Estate Ass'n, Inc. v. McNary, 454 U.S. 100, 116 (1981); Long Island Lighting Co. v. Town of Brookhaven, 889 F.2d 428, 431 (2d Cir. 1989). Casciani argues that Hibbs v. Winn, 542 U.S. 88 (2004), altered the rule of Fair Assessment. But the Supreme Court has rejected this reading of Hibbs. Levin v. Commerce Energy, Inc., 130 S. Ct. 2323, 2335-36 (2010). Because New York has procedurally adequate mechanisms for challenging tax assessments, see Joseph v. Hyman, 659 F.3d 215, 220-21 (2d Cir. 2011), Casciani's § 1983 damages claim is barred by the principle of comity.

Casciani's third argument is that defendant Hauza caused undue delay in granting a building permit for one of his properties. Casciani's original complaint contained no allegations against Hauza, and Hauza was not discussed in the district court's decision in the prior case. We therefore conclude that the district court erred in treating the claims against Hauza as claim precluded.

Casciani's claims against Hauza must still be analyzed to determine whether they meet the requirements of Federal Rule of Civil Procedure 12(c). Because the district court treated these claims as barred by claim preclusion, it did not have the opportunity to review whether Casciani stated a valid claim against Hauza for selective enforcement or class-of-one discrimination under the Fourteenth Amendment or, alternatively, retaliation under the First Amendment. We therefore vacate the district court's judgment as to Casciani's claims regarding undue delay and remand the case for further proceedings.

For the foregoing reasons, the judgment of the district court is AFFIRMED in part and VACATED and REMANDED in part for proceedings not inconsistent with this opinion.[1]

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[1] The Court understands Casciani to have waived his defamation argument based on Mr. Nesbitt's statements to local media. To the extent Casciani relies on these statements in his other claims, they are barred under claim preclusion as merely an "additional instance[] of what was previously asserted." Waldman, 207 F.3d at 108; see also Casciani, 659 F. Supp. 2d at 465-67 (noting that Nesbitt's statements to the local media were "nothing more than Nesbitt's statement of his opinion about a matter of public concern").

6