23-7513-cv
Pan v. City of Niagara Falls

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of April, two thousand twenty-five.

PRESENT:
> GERARD E. LYNCH,
> STEVEN J. MENASHI,
> EUNICE C. LEE,
>     *Circuit Judges.*

---

Raymond C. Pan,

> *Plaintiff-Appellant,*

> v.                                                                        23-7513

City of Niagara Falls, County of Niagara, State of New York, Niagara Falls Water Board, Nelnet,

> *Defendants-Appellees.*[*]

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

FOR PLAINTIFF-APPELLANT:     Raymond C. Pan, pro se, Niagara
                             Falls, NY.


FOR DEFENDANTS-APPELLEES:     No appearance.


Appeal from a judgment of the United States District Court for the Western District of New York (Sinatra, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court are **AFFIRMED** in part, **VACATED** in part, and **REMANDED** to the district court for further proceedings.

Appellant Raymond Pan, proceeding pro se, sued the City of Niagara Falls, Niagara County, Niagara Falls Water Board, and the State of New York under 42 U.S.C. § 1983 and state tort law, alleging that he had been unfairly taxed on his real property and that the City was unfairly enforcing its building code against him.[1] The district court sua sponte dismissed the amended complaint as frivolous. *See Pan v. City of Niagara Falls*, No. 20-CV-1896, 2023 WL 3025149 (W.D.N.Y. Apr. 19, 2023). Pan moved for reconsideration, which the district court also denied. Pan appeals from the district court's judgment and denial of reconsideration. We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal.

"We review *de novo* a district court's dismissal of complaints under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). "Denials of motions for reconsideration are reviewed only for abuse of discretion." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019). A pro se submission is reviewed with "special solicitude" and must be construed liberally to raise the strongest

---

[1] Pan also sued Nelnet, a student loan servicer. But Pan does not meaningfully challenge the district court's dismissal of Nelnet and therefore abandons his claim against it. *See Gerstenbluth v. Credit Suisse Secs. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013) (explaining that a pro se litigant has waived any challenge raised only "in passing").

arguments that it suggests. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006).

## I

The district court properly dismissed any claims for damages against New York State as barred by state sovereign immunity. A state retains immunity from suit unless the state expressly waives its immunity or Congress validly abrogates that immunity. *See CSX Transp., Inc. v. N.Y. State Off. of Real Prop. Servs.*, 306 F.3d 87, 94-95 (2d Cir. 2002). New York has not waived its immunity from suits under § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir. 1977). Nor has Congress abrogated that immunity. *See Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990). Therefore, any claim for damages against the State of New York is barred.

Pan also sought various forms of declaratory and injunctive relief, mostly seeking orders restructuring the taxation methods used by the State. State sovereign immunity does not bar a complaint that "alleges an ongoing violation of federal law and seeks relief properly characterized as prospective" against state officers. *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997) (O'Connor, J., concurring in part and concurring in the judgment)); *see also In re Deposit Ins. Agency*, 482 F.3d 612, 617 (2d Cir. 2007). But "a plaintiff seeking prospective relief from the state must name as defendant a state official rather than the state or a state agency directly," *Santiago v. N.Y. State Dep't of Corr. Servs.*, 945 F.2d 25, 32 (2d Cir. 1991), and Pan failed to name any state officers as defendants. Because the exception to state sovereign immunity for prospective relief "has no application in suits against the States and their agencies, which are barred regardless of the relief sought," *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993), Pan's claims for declaratory and injunctive relief against New York State are also barred.

## II

Pan does not challenge the district court's conclusion that the Tax Injunction Act barred his § 1983 claims, and therefore he has abandoned this issue. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92-93 (2d Cir. 1995). But even if the issue were not abandoned,

the district court properly dismissed the § 1983 claims premised on unfair property taxation as barred by the Tax Injunction Act and the comity principle. "The Tax Injunction Act severely limits the power of federal courts to interfere with state taxation proceedings." *Long Island Lighting Co. v. Town of Brookhaven*, 889 F.2d 428, 431 (2d Cir. 1989). Under the Act, "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. Furthermore, "the principle of comity … prevents a taxpayer from seeking damages in a § 1983 action if a plain, adequate, and complete remedy may be had in state court." *Long Island Lighting Co.*, 889 F.2d at 431.

Pan cannot show that he lacked a sufficient remedy under New York law that would enable him to escape the Act or the principle of comity. New York offers several remedies for raising constitutional objections to real property taxes that satisfy the Act and the comity principle. *See id.* at 431-33 (describing New York remedies). And Pan did not allege any facts to demonstrate that those remedies were not available or insufficient. Accordingly, the district court properly dismissed the § 1983 claims premised on unfair taxation.

## III

Pan failed to state a § 1983 equal protection claim. "To state a race-based claim under the Equal Protection Clause, a plaintiff must allege that a government actor intentionally discriminated against him on the basis of his race." *Brown v. City of Oneonta*, 221 F.3d 329, 337 (2d Cir. 2000). Alternatively, a plaintiff can state a "class of one" equal protection claim by plausibly alleging that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Under the *Olech* class-of-one theory, the similarly-situated comparator must be "*prima facie* identical" to the plaintiff such that "no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy" and "the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendant acted on the basis of a mistake." *Hu v. City of New York*,

4

927 F.3d 81, 92 (2d Cir. 2019) (quoting *Neilson v. D'Angelis*, 409 F.3d 100, 105 (2d Cir. 2005)).

Pan's complaint, liberally construed, sought to raise claims based on his race and on a class-of-one theory. But he failed to state a claim under either theory. Any claim premised on a class-of-one theory failed because he did not allege facts showing that other property owners were prima facie identical to himself. He offered no details about the ways building and health code violations may have been enforced or not enforced against other property owners in similar circumstances.

Pan's claim premised on his race was similarly conclusory. For example, Pan alleged that he was required to complete repairs before violation cases would be dropped, while white property owners needed only to start repairs before the violations were dropped. But Pan offered no specific allegations to show that these actions stemmed from "racially discriminatory intent or purpose." *Village of Arlington Heights v. Metro Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977).

Unlike his other claims, however, Pan might be able to address these shortcomings by amending his complaint with additional factual allegations. Our circuit "strongly favors liberal grant of an opportunity to replead after dismissal of a complaint." *Porat v. Lincoln Towers Cmty. Ass'n*, 464 F.3d 274, 276 (2d Cir. 2006). The district court did not address Pan's equal protection claim in the first instance, and it did not afford Pan the opportunity to amend his complaint to cure the deficiencies in his pleading of that claim. It should allow him that chance on remand.

**IV**

The district court properly dismissed the state law tort claims for failure to file a notice of claim with municipal defendants City of Niagara Falls, Niagara County, and Niagara Falls Water Board. "[I]n a federal court, state notice-of-claim statutes apply to *state*-law claims." *Hardy v. N.Y.C. Health & Hosps. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999). "Under New York law, a notice of claim is a condition precedent to bringing personal injury actions against municipal corporations." *Id.* "New York's law requires a plaintiff to plead in the complaint that: (1) the plaintiff has served the notice of claim; (2) at least thirty days have elapsed since the notice was filed (and before the complaint was filed);

and (3) in that time the defendant has neglected to or refused to adjust or to satisfy the claim." *Id.*; *see* N.Y. Gen. Mun. Law § 50–i. Pan did not allege facts showing that he filed a notice of claim with any of the municipal defendants concerning the events mentioned in the amended complaint.[2]

## V

The district court did not abuse its discretion by denying reconsideration. Reconsideration is "an extraordinary request that is granted only in rare circumstances." *Van Buskirk*, 935 F.3d at 54. It "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked— matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Pan did not identify any controlling decisions or facts that would have altered the district court's dismissal.

\* \* \*

We have considered Pan's remaining arguments, which we conclude are without merit. For the foregoing reasons, we vacate the judgment of the district court insofar as it dismissed Pan's equal protection claim that was unrelated to his taxes, and we remand for the district court to afford Pan the opportunity to amend his complaint to provide plausible allegations supporting such a claim. We affirm the judgment of the district court in all other respects. All pending motions before this court are denied as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Although Pan states in his brief that he filed a notice of claim with the Niagara Falls Water Board in February 2021, that notice of claim was filed after Pan initiated this civil action in December 2020, and it pertained to a poorly repaired sidewalk rather than to any of the claims raised against the municipal defendants in the amended complaint.